JENNINGS *vs.* WEBSTER.

In a suit to foreclose a mortgage, the defendant cannot set off an unliquidated demand not connected with the mortgage debt, and which is not a proper subject of set-off at law ; unless there is some peculiar equity in the case, to take it out of the general rule that unliquidated demands cannot be set off.

An allegation that the party, against whom a set-off in equity is claimed, has parted with some of his property and threatens to put the residue out of his hands, is not equivalent to a charge of insolvency ; and is not sufficient to entitle the party making such allegation to offset a demand, in the court of chancery, which is not a proper subject of set-off at law.

Where the defendant in a suit in chancery is entitled to set off a debt due to himself, against the debt claimed by the complainant in his bill, he may state the facts in his answer, and claim the right of set-off, without filing a cross-bill.

A cross-bill is not necessary, or proper, to obtain a set-off against the debt claimed by the original bill, unless it appears by the cross-bill that a discovery is necessary to enable the defendant in the original suit to avail himself of that defence ; or that, for some other reason, he could not have availed himself of the set-off by plea or answer to the original bill.

Under the provisions of the revised statutes relative to set-off in equity, if the defendant claims a set-off by his answer, and a balance is found in his favor, the court may decree the payment of such balance, by the complainant.

THIS was an appeal from a decree of the former vice chancellor of the eighth circuit, the Hon. Addison Gardner, allowing a demurrer to the complainant's cross-bill ; and dismissing such bill with costs. Webster filed a bill against Jennings for the purpose of foreclosing and obtaining satisfaction of a bond and mortgage, given to the former by the latter in 1835. Jennings thereupon filed his bill in this cause, in the nature of a cross-bill, for the purpose of obtaining a decree to set off, against the monies due on the bond and mortgage, the damages sustained by the breach of an agreement, made by Webster with D. Stone, in 1825, to keep in repair a certain dam ; for the convenience and benefit of the clothing works and carding machine of Stone. The cross-bill alleged, that in 1835 the complainant Jennings and another person purchased the clothing works and other machinery of Stone, who assigned to them all his interest in the agreement ; and such other person subsequently

1840.

Jennings
v.
Webster.

assigned all his interest in such agreement to the complainant. The bill, after stating several breaches of the agreement, both before and after the purchase from Stone, and the filing of the bill to foreclose the mortgage, prayed an account of the damages sustained by the breaches of the agreement, and that the same might be offset against the amount due on the bond and mortgage; and for a decree against Webster for the balance, if any should be found due.

*Vincent Matthews,* for the appellant.

*Ashley Sampson,* for the respondent.

The Chancellor. The demurrer in this case proceeds upon the ground that the complainant has a remedy at law to recover his damages, if he is entitled to any, for the breaches of the alleged agreement; and that he has no equity to set off unliquidated damages, arising from such an agreement, against the amount due on the bond and mortgage to Webster; and also upon the further ground that if an offset was allowable in such a case, it was sufficient to set up that defence in the answer to the original bill.

The demurrer appears to be well taken upon both of these grounds. The claim of the complainant Jennings, independent of the question of set-off, appears to be a mere claim for unliquidated damages, for an alleged breach of the agreement, with Stone, to make all necessary repairs upon the dam, for the benefit of the mills and machinery of both. There is not sufficient stated in the bill to show that the agreement was under seal, and was a charge upon the mills which were owned by Webster at the time such agreement was made. Neither does that fact appear to be material in this case; as Webster might still be personally liable to Stone or his assignee upon his covenant, even if it was a covenant running with the premises or mills then owned by him, and was duly recorded so as to make it a binding charge upon those mills in the hands of the subsequent purchasers thereof. (*Mills* v. *Auriol,* 1 *Hen. Black. Rep.* 433;

4 *Tenn. Rep.* 94, *S. C. Fisher* v. *Ameers,* 1 *Brownl. Rep.* 20. *Bachelor* v. *Gage, Cro. Car.* 188. *Barnard* v. *Godscall, Cro. Jac.* 308.)

1840.

Jennings
v.
Webster.

It is perfectly clear, however, that an unliquidated demand, in no way connected with the mortgage debt for the recovery and satisfaction of which a bill of foreclosure is filed in this court, which demand is not a proper subject of offset at law, cannot be offset against the mortgage debt in this court; unless there is some peculiar equity in the case to take it out of the general rule. For upon a mere question of offset under the provisions of the revised statutes, the principles of this court and of courts of law are the same. (*Holden* v. *Gilbert,* 7 *Paige's Rep.* 211.) And the demand set up in the appellant's bill, in this case, is one which could not have been offset in a court of law, in a suit brought against him on the bond given with the mortgage to the respondent. But an attempt is made in the bill to take this case out of the general rule, by an allegation that the respondent has parted with some of his property, and threatens to put the rest of it out of his hands, so as to deprive the appellant of the power of collecting any thing of him. This is not equivalent to a charge of insolvency ; and is not sufficient to draw the investigation of an unliquidated claim into this court, as a set-off, in a case in which this court would not otherwise have the right to decree a set-off.

Again ; if this was a proper case for a set-off under the provisions of the revised statutes, as a liquidated demand which could have been set off in a suit at law, the decree of the court below must still be affirmed. A cross-bill is not necessary or proper in such a case ; unless it appears that a discovery is required to enable the defendant in the original suit to avail himself of that defence, or that for some other reason he could not obtain the set-off in that suit by plea or answer merely. The opinion intimated by Chancellor Sanford, in *Troup* v. *Haight,* (*Hopk. Rep.* 270,) that a cross-bill might be necessary, is not entitled to the force of a judicial decision, and was not called for by the case before him ; nor does it appear to be founded up-

on any adjudged case. A cross-bill might perhaps have been necessary, previous to the revised statutes, where the defendant in the original suit, as in this case, claimed an offset of a greater sum than the amount due to the complainant in that suit. But in cases arising under the revised statutes there is an express provision that set-offs in this court shall be allowed in the same manner, and with the like effect, as in actions at law. (2 R. S. 174, § 40.) Under this statutory provision the court would have no difficulty in making a decree against the complainant, for any balance which might be found due from him to the defendant, upon the demands set up in the plea or answer of the latter ; in the same manner that a court of law is authorized to render judgment against the plaintiff, for the balance found due from him in analogous cases.

Upon the grounds, therefore, that there is no equity in this cross-bill to authorize a set-off in a case not provided for by the revised statutes, and that if it was a case within the provisions of those statutes it was sufficient to set up the defence by plea or answer, and that no cross-bill was necessary or proper, the demurrer was properly allowed by the vice chancellor. The decree appealed from must therefore be affirmed with costs.