Schermerhorn v. Anderson.

---

SAME TERM.   *Edmonds,* Justice.

SCHERMERHORN *vs.* ANDERSON and others.

Rent due upon a lease cannot be set off in equity against a judgment recovered by the lessee, against the lessor, for a breach of the covenant for quiet enjoyment contained in the lease; the demands being distinct and independent and not connected with each other.

Equity exercises a jurisdiction, as to set-offs, beyond that conferred by the statute; and, if there is a connection between the demands, allows a set-off in cases where at law it would not be allowed.

But, in order to be set off in equity, under its extra-statutory jurisdiction, there must be a connection between the demands.   There must be mutual debts and credits between the parties, where the balance only is the real debt due.

In EQUITY.   The plaintiff leased to one Armstrong certain premises in the city of New-York for five years.   Within the first year of the term, the adjoining premises were so injured by fire that the plaintiff was compelled to take down the partition wall.   The lessees sued the plaintiff for a breach of the covenant for quiet enjoyment, and recovered judgment thereon during the last quarter of the term; after the rent for that quarter, which was payable in advance, had become due.   This bill was filed to set off that rent against so much of the judgment.   There was some evidence of the insolvency of the lessees, and of an attorney's lien for costs, which it is unnecessary to notice.

*A. H. Dana,* for the plaintiff.

*L. Livingston,* for the defendant.

Schermerhorn *v.* Anderson.

EDMONDS, J.· There are two objections to the set-off claim-ed in this suit: 1. Because the demands are independent of, and in no wise connected with, each other, so as to render them the subject of an equitable set-off; and 2d. Because the attor-ney has a lien on the judgment recovered at law, superior in its claim to the equity of the defendant in that suit. As to the first point, it is undoubtedly true, that equity exercises a juris-diction, as to set-offs, beyond that conferred by the statute. When there is no connection between the demands, then the rule in equity and at law is the same. (2 *Story's Eq. Jur.* § 1434.) But if there is a connection between them, equity acts upon them, and allows a set-off under particular circum-stances, when at law it would not be allowed. (*Whitaker* v. *Rush, Amb. Rep.* 407. *Rawson* v. *Samuel,* 1 *Craig & Ph.* 161.) It is conceded, on all hands, that the demands men-tioned in this suit could not be set off at law nor in equity, un-der the statute. To be set off in equity, under its extra-statu-tory jurisdiction, there must be a connection between the demands. What connection is necessary to render them the subjects of an equitable set-off, is the question. They both flow from the same contract, and they are owing by the parties who are bound by that contract. That is the extent of their connexion. Is that enough? The case of *Rawson* v. *Sam-uel,* (1 *Craig & Ph. supra,*) was in both these respects like this; and it was urged by the counsel that they were connected, within the rule. But the lord chancellor, in determining it, held that as one was for an account of transactions under the contract, and the other for damages for a breach of it, the object and subject matters were totally distinct; and that the fact that the agreement was the origin of both, did not form the necessary bond of union. The connection necessary to found this juris-diction upon is defined by Lord Mansfield to be where the na-ture of the transaction consists of a variety of receipts and pay-ments, debts and credits, where the balance only was the real debt due. (*Green* v. *Farmer,* 1 *Bl. Rep.* 651.) By Lord Loughborough, Ch., it is defined to be, where there are mutual credits between the parties which cannot be set off at law.

(*James* v. *Kynnier*, 5 *Ves.* 108 ;) and by Lord Ch. Cowper, in *Lanesborough* v. *Jones*, (1 *P. Wms.* 325,) to be cases of mutual credit.

This case, then, resolves itself into this: that these demands being distinct and independent, and not connected with each other, are not the subjects of an equitable set-off; and if as independent demands they may be set off against each other, under the statute, the remedy is at law. And in either event, this bill must be dismissed with costs.

