MARY A. JORDAN, as Administratrix, etc., Respondent, *v.* THE NATIONAL SHOE AND LEATHER BANK OF THE CITY OF NEW YORK, Appellants.

Where an answer sets up a counter-claim, to which there is no reply, but the trial of the action proceeds as if every matter contested by the parties was at issue, and no point is raised that the counter-claim is admitted, it cannot be taken on appeal.

A party is not estopped by not taking issue upon a matter of law averred in his adversary's pleadings.

A bank has not a right to retain the balance of a customer's deposit to pay or apply upon an indebtedness of the customer to the bank not yet matured.

In an action against a bank, commenced prior to the going into effect of the New Code, by the personal representatives of a deceased customer, to recover a deposit which was due and payable to the deceased in his lifetime, *held*, that the defendant could not, as matter of law, and in the absence of facts entitling it to equitable relief, set-off a claim against the deceased which did not become due until after his death.

A demand, to be set-off in such an action, must have been due and payable from the decedent in his lifetime.

As to whether the provision of the New Code (§ 506) changes the rule of the Revised Statutes (2 R. S., 355, § 24) as to set-off in such cases, *quære*. The question must be determined upon the law of set-off as it stood when the action was commenced.

*It seems,* that if circumstances existed rendering it inequitable to deny the set-off, the defendant might have alleged them and so invoked the equity powers of the court.

*Matthews* v. *Strafford Bank* (45 N. H., 105), distinguished.

(Argued September 18, 1878; decided October 1, 1878.)

APPEAL from order of the General Term of the Supreme Court, in the first judicial department, reversing a judgment in favor of defendant, entered upon a verdict. (Reported below, 12 Hun, 512.)

This action was brought by plaintiff as administratrix of Cornelius Foillon, deceased, to recover a balance of his deposit account with defendant, standing to his credit at the time of his death, which occurred October 11, 1876.

The answer contained the following : " And for a further, separate and distinct defense these defendants allege, that the said Cornelius Poillon, at the city of New York, on or about the 27th day of July, 1876, made his certain promissory note, of which the following is a copy :

" $2,000.    NEW YORK, *July* 27, 1876.

" Three months after date I promise to pay to the order of John Leveridge, two thousand dollars, at ——— ———, value received.

" (Signed)    CORNELIUS POILLON."

" That the same was duly indorsed by said payee and delivered to these defendants, and on the 28th day of July, 1876, at the request of said Cornelius Poillon, the same was discounted by these defendants, and the proceeds thereof (being the sum of $1,963.95) duly credited to said Poillon in his account with these defendants which was all subsequently paid out as aforesaid, prior to the 12th day of October, 1876, except the sum of $845.51.

" That when the said note became due and payable it was not paid, but was duly protested for non-payment, where-

upon these defendants, on the 1st day of November, 1876, applied to the payment thereof the said sum of $845.51 and charged the same in their account against the moneys standing to the credit of said Cornelius Poillon. And these defendants respectfully insist that they were and are entitled to set-off the said sum of $845.51 against any claim or demand whatsoever which said Cornelius Poillon, in his lifetime, or this plaintiff had, has or might have against these defendants, and to extinguish and satisfy so much of their demand arising upon the aforesaid note of said Cornelius Poillon, due and owing to these defendants."

The facts so alleged were subtantially proved on the trial, and the court thereupon directed a verdict for defendant, which was rendered accordingly.

Further facts appear in the opinion.

*Henry N. Beach*, for appellant. As defendant's answer contained a plea of set-off to which there was no reply, it was entitled to judgment on the pleadings. (*Bates* v. *Rosekrans*, 37 N. Y., 412; *Mattoon* v. *Baker*, 24 How. Pr., 329; *Clinton* v. *Eddy*, 1 Lans., 61; *Wilder* v. *Boynton*, 63 Barb., 549, 551; *Pattison* v. *Richards*, 22 id., 146; *Vassear* v. *Livingston*, 13 N. Y., 257; *Boston Mills* v. *Hull*, 6 Abb. [N. S.], 321; Code, § 168; *Isham* v. *Davidson*, 52 N. Y., 239; Code of Civ. Pro., § 506; note of codifiers to section 502 in Throop's Code.) Defendant was entitled to judgment under its plea of payment. (Morse on Banking, etc., 34; *Ford* v. *Thornton*, 3 Leigh, 695.) Independent of defendant's lien under the law merchant it was entitled to set-off its demand *pro tanto.* (2 Rev. Stat. of N. Y. [1829], 355, §§ 23, 24; *Rawson, admr.,* v. *Copland*, 3 Barb., 166; *Patterson* v. *Patterson*, 59 N. Y., 574, 581; R. S. of N. H., chap. 187, § 5; *Matthewson, admr.,* v. *Strafford B'k*, 45 N. H., 108; R. S. of Mass., chap. 96, § 12; Gen. Stat. of Mass., chap. 130, § 12; *McDonald* v. *Webster*, 2 Mass., 498; *Jarvis* v. *Rogers*, 15 id., 407; *Knapp* v. *Lee*, 3 Pick., 452; *Boardman* v. *Smith*, 4 id., 215; *Bigelow* v. *Folger*, 2 Metc., 255; *Phelps* v. *Rice*, 10 id.,

132; 2 R. S. [355], § 25; *Hills* v. *Tallmans*, 21 Wend., 674; Morse on Banks, 41; *Ætna Nat. B'k* v. *Fourth Nat. B'k*, 46 N. Y., 82; *Chapman* v. *White*, 6 id., 412; *Root* v. *Taylor*, 20 J. R., 137; *Fry* v. *Evans*, 8 Wend., 530, 532; *Mercein* v. *Smith*, 2 Hill, 210; *Merritt* v. *Seaman*, 6 N. Y., 168; *Ketchum* v. *Miln*, No. 3, Selden's Notes, 56.) As plaintiff's cause of action accrued before the death of the intestate, the defendant is entitled to set-off its demand. (*Rawson* v. *Copland*, 3 Barb., 166; *In the Matter of Denny*, 2 Hill, 223; Bacon's Abr., Release [I.], Litt., § 508; Co. Litt., 291, *b*; *Edward Altham's Case*, 8 Rep., 299; *Vedder* v. *Vedder*, 1 Den., 261; Bacon's Abr., Release [I.], citing Coke, Jac., 300; *Brown* v. *Holyoak*, Bull, N. P., 179; *S. C.*, 8 Viner's Abr., 562; *S. C.*, Willes R., 263; *Leggett* v. *Bank of Sing Sing*, 24 N. Y., 286; *Allen* v. *H. R. Mut. Ins. Co.*, 19 Barb., 445; *Jones* v. *Robinson*, 26 id., 310; *New Ams. Svgs. Bank* v. *Tartter*, 4 Abb. [N. C.], 215; *Reis* v. *Watts*, 11 Exch., 410; *Dale* v. *Cooke*, 4 John. Ch., 13.) Equity demands that the defendant's set-off be allowed in the case at bar. (2 Kent's Com., 632 [*note*]; *Duncan* v. *Lyon*, 3 John. Ch., 358; *Patterson* v. *Patterson*, 59 N. Y., 581.) Defendant was entitled to a set-off under the New Code. (Code of Civ. Pr., § 506; note to sec. 502; *Andrew* v. *N. J. Steamboat Co.*, 11 Hun, 490; 2 Selwyn's N. P. 502, N. [34]; *Hutchinson* v. *Sturges*, Willes, 263.

*Wellesley W. Gaye*, for respondent. Plaintiff was entitled to recover the sum standing to the credit of her intestate on the day of his death. (*Vroom* v. *Van Horne*, 10 Paige, 549; *Valentine* v. *Jackson*, 9 Wend., 302; *Babcock* v. *Booth*, 2 Hill, 181 and 212; *Rockwell* v. *Saunders*, 19 Barb.. 473; 21 id., 311; *Van Alstine* v. *Cook*, 25 N. Y., 489; *Clark* v. *Brockway*, 3 Keyes, 13; Morse on Banks, 41; *Giles* v. *Perkins*, 9 East, 12; *Ætna Nat. B'k* v. *Fourth Nat. B'k*, 46 N. Y., 82.) To allow the defendant the set-off claimed in the case at bar would change the order of the payment of debts as provided by statute, and the due course of admin-

istration. (3 R. S., 174, § 31 [5th ed., subd. 1–4]; § 32 *et seq.;* Willard on Executors, 285, *et seq.,* 290 and 367; *Fry* v. *Evens,* 8 Wend., 530; *Scott* v. *Ramsay,* 1 Binn., 221; *Leiper* v. *Lewis,* 15 Sarg. & Rawl., 108; *Fitzpatrick* v. *Brady,* 6 Hill, 582; 3 R. S., 747, § 12 [5th ed.]; id., 174, § 31, *supra.*) The death of plaintiff's intestate operated as an absolute assignment and transfer of all the property and estate of the intestate, and upon the issue of letters of administration, the title to all the personal property vested in the plaintiff, as a trustee. (*Martin* v. *Kunzmuller,* 37 N. Y., 396; *Beckwith* v. *Union B'k,* 9 id., 211; *Mercien* v. *Smith,* 2 Hill, 210, 226; *Armstrong* v. *Pratt,* 2 Wis., 299, 307; *Rockwell* v. *Saunders, supra;* *Lawrence* v. *Wright,* 23 Pick., 128; *Chapman* v. *Derby,* 2 Vern., 117; *Thompson* v. *Hooker,* 4 N. Y. Leg. Obs., 17; *Hutchins* v. *State Bank,* 12 Metc., 425; *Patterson* v. *Patterson,* 59 N. Y., 574; 3 R. S., 226, §§ 1 and 2; *Porter* v. *Williams,* 9 N. Y., 142, 149; *Babcock* v. *Booth,* 2 Hill, 181; *Osgood* v. *Ogden,* 4 Keyes, 70, 87 and 88; *Whitaker* v. *Rush,* Amb., 407.) The provisions of the New Code concerning the rule of the Revised Statutes as to set-offs (2 R. S., 335, § 24) are not applicable to this case. (New Code, §§ 502, 506.)

Folger, J. The point is not well taken, that the answer sets up a counter-claim, and that as there is no reply thereto, the counter-claim is admitted.

In the first place, that position was not taken at the circuit. The trial proceeded as if every matter contested by the parties was fairly and fully at issue. Had the point now taken been raised there, *non constat* but that an amendment of the pleadings, if the same was necessary, would have been asked for and made.

Again : If it be granted that the allegation of new matter, in this respect, in the answer, be taken as admitted, what is that new matter ? It is that the intestate made his note, that the defendant discounted it, that the proceeds were duly credited to him and afterwards paid out, save the balance

now in contest, that the note was not paid when due and payable, and that the defendant applied to the payment thereof that balance and charged it against the moneys standing to the credit of the intestate. These are the facts alleged. Upon them the defendant insists in its answer that it is entitled to set-off that sum. The facts alleged were all proven on the trial. The defendant still insisted there that it was entitled to a set-off. Granted, that by reason of no reply, those allegations are admitted to be true, the claim of the defendant, that it is entitled to set-off that sum, is but an averment of what the defendant contends is the legal result from their existence. The lack of a reply does no more than admit that averment, that is, that the defendant so claims. Whether its claim is well founded still remains to be determined by the court. In other words ; though the matter set up in the answer be admitted to be true by not replying thereto, or be proven to be true, as it was on the trial ; there is still to be determined, whether the courts will accede to the claim of the defendant, that that matter constitutes a right of set-off in the defendant. It is the matter of law arising from those facts which is not yet finally disposed of in this case. A party is not estopped, by not taking issue upon a matter of law averred in his adversary's pleadings. (*Bonnell* v. *Griswold*, 68 N. Y., 298; *Dillon* v. *Brainard*, 21 Wall., 430; *The People ex rel.* v. *Commrs. of Highways*, 54 N. Y., 276.)

The defendant further contends, that it had and continues to have, a banker's lien on the balance of deposit sued for. There is spoken of in the books, what is termed a banker's lien, but it is not a right to retain the balance of a customer's deposit, to pay or apply upon an indebtedness of his to the bank, not yet matured. The passage quoted by the defendant from Morse on Banks : "The rule may be broadly stated, that the bank has a general lien on all moneys and funds of a depositor in its possession, for the balance of the general account," is too broadly stated, and needs the limitation, that the balance of that account must be then due and payable.

A lien, is a right of one to retain property in his possession belonging to another, until certain demands of him in possession are satisfied. (*Hammonds* v. *Barclay*, 2 East, 227–235.) But mere possession does not give the right. It must arise from contract or operation of law. There was no contract for a lien, in this case. Nor did the law operate to give one. It would be in complete hostility to the whole purport and contemplation of the contract of discount. The purpose, existing and understood by the parties in that act, is, that the customer of the bank may draw out at his pleasure the avails of the discount. After the paper discounted falls due and payable and remains unpaid, unless other rights have intervened, the bank may hold a balance of deposits and apply it towards the payment of the paper. But these deposits in a bank, create between it and the depositor, the relation of debtor and creditor. (*Commercial Bk. of Albany* v. *Hughes*, 17 Wend., 100; *Ætna National Bk.* v. *Fourth National Bk.*, 46 N. Y., 82.) Now a debtor in one sum, has no lien upon it in his hands, for the payment of a debt owned by him, which has not yet matured; nor has a bank, more than any other debtor. Both hold, as debtors, the moneys of their creditors, and may set up no claim to them not given by the law of set-off, counter-claim, recoupment, or kindred rules. (*Beckwith* v. *Union Bank*, 4 Sandf. Sup. Ct., 604; S. C. affirmed, 9 N. Y., 211; *Giles* v. *Perkins*, 9 East, 37.)

It is also contended, that equity will permit and enforce a set-off of a debt not yet due, in cases where by the statute and at law, it cannot be claimed. Doubtless the power to compel a set-off of debts, was exercised by equity, prior to, and independent of, any statute on the subject. (*Ex parte Stephens*, 11 Ves., 24; *Ex parte Flint*, 1 Swanston, 30.) But equity follows the statute and the law, unless there are peculiar circumstances presented. (11 Ves., *supra*; *Bathgate* v. *Haskin*, 59 N. Y., 537.) Insolvency of a party sometimes moves equity to grant a set-off, which would not be allowed at law; and that consideration much moved the

court in *Ford's Executor* v. *Thornton* (3 Leigh, 695), cited for the defendant. But no equitable case is made in this action, at the trial, nor is any fact averred in the answer, on which to found equitable jurisdiction.

The case finds a bottom then, on our statute of set-off. (2 R. S., 355, § 23.) It is, in the relation of the claims of the parties, the reverse of *Patterson* v. *Patterson* (59 N. Y., 574). An executrix was plaintiff there, as an administratrix is here, but there the plaintiff's cause of action arose on a claim which was not due and payable until after the death of the testator; while the demand of the defendant there, which he sought to set-off, was owned by him in the lifetime of the testator and was due and payable before the testator's death. In the case in hand, the plaintiff's cause of action arises on a demand owned by the intestate in his lifetime, and due and payable to him then; while the promissory note which the defendant seeks to set-off, though owned by it in the lifetime of the intestate, was not due and payable until after his death. But we do not think that this difference, makes the rule laid down in that case, any the less applicable here. It was shown there, that the right to set-off at law did not exist before the English statute of 2 George II, chapter 22, which was amended somewhat by 8 George II, chapter 24; and that the law of set-off prescribed in our Revised Statutes (2 R. S., 354, *et seq.*) is, in substance, the same as the statutes of England. (*Fry* v. *Evans*, 8 Wend., 530; *Hills* v. *Tallman's admr.*, 21 id., 674.) It was shown there, that the rule was established in England, that none but mutual debts could be set-off against one another, and that by mutual debts was meant, those which, on each side, were, at the time, due and payable; it was deduced from the weight of authority in this State, that the same rule exists here. Impressed by the earnest argument of the learned counsel for the appellant, we have revised our reasoning in *Patterson* v. *Patterson* (*supra*), but are unable to come to a different conclusion. We think that the statute (2 R. S., 355, § 24), means that for a demand to be set-off

against an executor or administrator, in an action brought by him, it must have been due and payable from the decedent in his lifetime.

We have examined the books cited for the appellant from the New Hampshire and Massachusetts reports. *Matthewson, admr.* v. *Strafford Bank* (45 N. H., 108), is in accord with the position of the appellant. The opinion in that case, compares the statute of set-off of New Hampshire with that of Massachusetts, and finds them substantially alike; and citing some of the cases from the reports of the latter State, which are cited for the appellant here, declares that the right of set-off would be clear under the Massachusetts statute. But there does not seem to have been enough effect given to the fact, that of the Massachusetts cases it was stated by SHAW, Ch. J., in *Bigelow* v. *Folger* (2 Metc., 255); that they did "not stand upon the law regulating set-off generally, but upon the law respecting the settlement of insolvent estates." And it may be remarked, that the New Hampshire case is also, in another part of the opinion, put upon the insolvent laws of that State, which, it is there said, "extend much farther to claims not due at the time of set-off."

Nor do the late amendments to the Code of Procedure affect the case. It is claimed that section 506 has made a change in the law. It is plain that it has, in words. We are not called upon to say whether or not it has, in substance. This action must be decided upon the law of set-off as it stood when the action was commenced. (*Palmer* v. *Conly*, 4 Denio, 374; affirmed, 2 N. Y., 182.) The action seems to have been begun and issue joined in January, 1877; the amendments to the Code did not take effect until May first in that year. The appellant's claim, that this court may determine this right of set-off, in accordance with the statute of set-off as it now stands, if it be found that it differs from the Revised Statutes, is not to be allowed. The decision in *Brown* v. *Holyoak*, cited in *Hutchinson* v. *Sturges* (Willes' Reps., 263), is said by the appellant, to have been governed by a statute passed the day before the judgment in that case

was given. It was, indeed, decided the day after the statute was passed, and it gave the same right of set-off as that statute declared. But the judgment construed a former statute to have given that right. "The day after the last act was passed, Lord HARDWICKE, Ch. J., delivered the opinion of the court of Common Pleas that a debt of simple contract *might by the former act* have been set-off against a specialty debt." (Buller's N. P., 179.)

We are constrained to affirm the order appealed from.

The rule we maintain will not work hardship. If the estate of the decedent is solvent, the creditor has only to await distribution or bring his cross action. If there are any circumstances existing which render it inequitable to deny him a set-off, he may set them up in the action on the demand against himself, and invoke the equity power of the court.

The order should be affirmed, and judgment absolute rendered for plaintiff on stipulation with costs.

All concur, except MILLER and EARL, JJ., absent.

HAND, J., concurs on the ground of *stare decisis.*

Order affirmed, and judgment accordingly.