SUSAN ARMSTRONG AND GRANGER GRISWOLD, AS
   EXECUTORS, ETC., OF FRANCIS ARMSTRONG, DECEASED,
   RESPONDENTS, *v.* JENNIE McKELVEY AND OTHERS,
   APPELLANTS.

*Election — right of a legatee to convert a legacy into real estate — equitable counter-
claim or set-off — what facts do not establish one.*

This action was originally brought by the plaintiff's testator, as the assignee of one
   Pridmore, who had recovered a judgment against the executor of one Smith
   for a debt due from Smith at the time of his death. Smith left a will by which
   he ordered his executor to sell all his real and personal property at public or
   private sale within eighteen months after his death, and to divide the proceeds
   thereof, after the payment of legacies and the just debts and funeral expenses
   of the testator, equally between certain persons therein named. The executor
   having sold certain real estate of which/ Smith died seized, the defendants,
   the residuary legatees, brought an action against the executor and the pur-
   chaser to have the same set aside, and procured a judgment therein which
   adjudged and determined, among other things, that the land descended to the
   defendants in this action, subject to the execution of the power of sale within
   the time limited by the will, and that the defendants here, the plaintiffs in
   that action, were entitled to the possession of the premises as the rightful
   owners thereof, discharged and released from the said power.
It having appeared in proceedings had before the surrogate that there was
   no personal property applicable to the payment of the judgment recovered
   against the executor, the assignee thereof brought this action against the
   defendants as next of kin and legatees, or heirs-at-law and devisees, under
   the provisions of sections 1837, 1843 and 1844 of the Code of Civil Procedure,
   to recover the amount of the judgment.
*Held,* that by bringing the action to set aside the sale made by the executor,
   and procuring a judgment therein declaring the premises to be relieved and
   discharged from the power in-trust, and that the defendants were entitled to
   the possession thereof as the rightful owners, the defendants elected to take
   the property as real estate and were liable to account for the same to the cred-
   itors of the testator as devisees
For some time preceding his death, the testator boarded and was taken care of
   by Pridmore, during which time moneys paid to Smith were handed by him to
   Pridmore, with directions to take care of it for him. It also appeared that
   some time before, Smith had two promissory notes of $100 each against Prid-
   more. After Smith's death, neither the notes nor any money was found
   among his assets.
*Held,* that these facts did not establish a right in the defendants to have the
   amount of the plaintiff's recovery in this action diminished by the amount of
   the said notes and money.

APPEAL by the defendants from a judgment, entered on the report of a referee.

The action was brought by the plaintiffs' testator to charge the defendants with the payment of a debt due from one Robert Smith, who died leaving a will, by which the defendants took an interest in his estate. By his will, which was admitted to probate and recorded, Smith bequeathed to the defendant Jennie McKelvey $200, and to the defendant Esther McKelvey $200 and his bureau. He directed the executor to provide a head-stone for his grave at a cost not exceeding $100. Then comes the third clause as follows : " I hereby order my executor to sell all my real and personal property at public or private sale, as he may think best to do, within eighteen months after my death, and the proceeds and avails arising from the sale of my real and personal property, after the legacies above mentioned are paid and my just debts, funeral expenses and gravestone are paid, to divide the balance equally between the following persons, namely : Jennie McKelvey, Nancy McKelvey, Esther McKelvey, Elizabeth Olp, James G. Smith, of Tennessee ; Alexander Smith and Jennie Wallace Smith." He named Isaac Barber as executor, to whom letters testamentary were issued.

The testator Smith died, seized of real estate of the value of upwards of $9,000, which the executor within the eighteen months sold and conveyed to one Hartman. In an action brought by the defendants in this action against the executor and Hartman for that purpose, the sale and conveyance to Hartman were set aside, and the referee before whom that action was tried, amongst other things, found and determined, and it was by the judgment therein declared that the attempted sale was illegal; that the land descended to the devisees, the defendants in this action, subject to the execution of the power ; that the period in which the executor was empowered to sell having since expired, he as such, or as trustee, could not execute the power so as to give title to a purchaser, and that the plaintiffs in that action were entitled to the possession of the premises as the rightful owners thereof, discharged and released from the said trust.

The testator Smith, having become indebted to one Pridmore the latter, in an action against the executor, recovered a judgment thereon. And in proceedings had before the surrogate to obtain

settlement and application of the personal property of the estate, it appeared that there was none to apply upon his claim. He afterward assigned the judgment and the debt for which it was recovered to the plaintiffs' testator, who brought this action to recover of the defendants, on the assumption that this land had come to them by the force of the will before mentioned. He died, and the plaintiffs were substituted during the pendency of the action.

The referee found that they were liable, and directed judgment distributing the liability between them, and specifying the amount with which each was charged, and from the judgment thereupon entered the defendants' appeal.

*James Wood,* for the appellants.

*James B. Adams,* for the respondents.

BRADLEY, J.:

The statute provides that an action may be maintained against the next of kin or legatees of a testator to recover to the extent of the assets paid or distributed to them on the death of the decedent upon which an action might have been maintained against the executor or administrator (Code Civ. Pro., § 1837), and that the heirs and devisees of a testator are respectively liable for the debts of the decedent, arising by simple contract or by specialty, to the extent or of the estate, interest and right in the real property which descended or was effectually devised to them by the decedent where three years have elapsed since letters testamentary were granted. (Id., §§ 1843, 1844.)

The leading question going to the foundation of the plaintiffs' right to maintain this action is whether the defendants have effectually taken and received as legatees or devisees or both, property of the estate of Robert Smith, deceased, under his will. This depends upon the rights derivable and derived from the provisions of the will relating to the real property of the testator. The only property of that character of which he died seized was a farm of 113 acres. The will does not devise this property, but directs the sale of it by the executor within eighteen months, and the distribution of the proceeds amongst the defendants so that they were the sole beneficiaries of the land. The contention of the defendants' counsel is that the sale is requisite to give them the benefit of this pro-

vision of the will, and that until that is done and the proceeds are derived from such sale they cannot be deemed recipients from the estate nor can the action be supported. By the will the land was converted into personalty for the purposes of its execution and the defendants may therefore be deemed legatees rather than devisees. And this conversion may be deemed to have taken place as of the time the will went into effect, upon the principle in equity that what is directed to be done may be regarded as performed, because then the power to sell became operative. (*Arnold* v. *Gilbert*, 5 Barb., 190, 196; *Lorillard* v. *Coster*, 5 Paige, 172, 218; *Meakings* v. *Cromwell*, 5 N. Y., 136; *Stagg* v. *Jackson*, 1 id., 206; *Fisher* v. *Banta*, 66 id., 468.)

There being no devise of the land, the title subject to the power of sale descended to the heirs as such of the testator, but that carried with it no beneficial interest in the property. And subject also to the right of the defendants as such beneficiaries to elect to defeat the conversion and take it instead of the proceeds of the sale of it, and thus reconvert it into realty as effectually as if it had been devised to them by the will. The reason of this doctrine is founded in the right of an absolute donee to dispense with the execution of a power in which he alone is interested. So far as appears all the defendants were *sui juris,* and therefore had the power to elect to have reconversion of the property in question from personalty to realty and to take it as the latter. (2 Story's Eq. Jur., § 793; *Walker* v. *Shore*, 19 Ves., 387, 392; *Sisson* v. *Giles*, 3 De Gex, J. & S., 614; *Craig* v. *Leslie*, 3 Wheat., 563; *Prentice* v. *Janssen*, 79 N. Y., 478; affirming 14 Hun, 548.)

The defendants must be deemed to have so elected by the judgment, which they took in their action in this court against the executor and Hartman to set aside the sale made to the latter under the power, whereby the sale was adjudged void, and further " that the said premises are relieved and discharged from the *power in trust* created by the said last will and testament of said Robert Smith, deceased, and that the plaintiffs (defendants here) *are entitled to the possession of the said premises as the rightful owners thereof*, discharged and released from the said trust." It is not important for the purposes of this question, whether or not the latter adjudication was necessarily within the issues in that action. It was declared

in their behalf by the judgment and will be deemed so adjudged on their application. And their election is there clearly expressed by the record to terminate the power of sale, and to take the possession of the property pursuant to their right there formally announced. This was abundantly sufficient to constitute their election for the reconversion and supports the title of the defendants to the land. (*Van* v. *Barnett*, 19 Ves., 102, 109 ; *Mutlow* v. *Bigg*, L. R., 1 Ch. Div , 385 ; S. C., 15 Moak, 803; *Prentice* v. *Janssen, supra.*) And it appears by the statement of the defendants' counsel that some of the defendants for several years " have lived on the premises." It follows that the premises had in fact become the property of the defendants prior to the commencement of this action. And three years, since letters testamentary were granted, having elapsed, the action was properly brought to charge the defendants with liability for the debt, if in other respects the right to recover was established.

The debt against the defendants' testator and its amount is not questioned. But it is insisted on the part of the defense that a claim alleged in the answer in behalf of their testator against Pridmore, the assignor of the plaintiffs' testator, should have been allowed by way of abatement of the plaintiffs' claim. For some time preceding his death the testator Smith boarded with and was taken care of by Pridmore, and the debt which is the subject of this action arose out of, and by way of compensation for such board and care. It appears by the case that during that time moneys paid to Smith were handed by him to Pridmore, with directions to take care of it for him (Smith), and that sometime before that Smith held two promissory notes of $100 each against Pridmore, and that after his death neither the notes or any money was found amongst his assets.

In his original report, which was made August 5, 1885, the referee expressed no finding on that subject. After the delivery of such report and the entry of judgment, an order was made by the court, on the application of the defendants, that the report be sent back to the referee, and directing him " to make a further report of all material facts proved by the testimony in reference to the counter-claim of the defendants and his conclusions of law thereon." Thereupon, pursuant to the order, the referee found the facts as before mentioned, and, further, that the money was left with

Pridmore by Smith as its custodian or depositary for him, and not as a loan. That no demand for the sum appears to have been made by Smith or any one in his behalf of the said Pridmore at any time; that the dates of the notes, or when they became due, does not appear, or that they were due. And that at the decease of Smith neither of the notes or any money was found in his possession. And as conclusion of law he found that there was nothing due or owing from Pridmore to Smith at the time of his death for or on account of such money or notes, nor was any sum due from him by reason of such money or notes applicable to the extinguishment of any part of the plaintiffs' claim in the action as a set-off or counter claim.

It may be questionable whether under the then and present practice it was a legitimate exercise of the power of the court to send back the report with directions for further findings, and what, if any, effect can properly be given to the supplemental report of the referee. (Code Civ. Pro., § 1023; *Gardiner* v. *Schwab*, 34 Hun, 582.)

But as the facts appear in the case substantially as found by the referee, the matter may have consideration in any view that may be taken of that question upon which we express no opinion here. It is not the subject of either a counter-claim or set-off within the statute. The executor is not a party, and the claim is not one in favor of the defendants. The only question is whether it may be treated as an equitable set-off in their behalf; and in that view supported, not as a claim of the defendants against the plaintiffs, but by way of reduction of the amount due from the estate to the plaintiffs. (*Hackett* v. *Connett*, 2 Edw., 73.)

The doctrine of allowance of set-off will be extended by courts of equity beyond that provided by statute when peculiar equities intervene between the parties, and the protection of the rights of the alleging party requires it. This is not a case of cross demands between them, as the defendants do not represent their testator, and are not in a position to insist that this, as an independent claim against Pridmore, be set off. They, however, being sole beneficiaries of the estate may assert, if the facts permit, that by reason of it the claim in suit was subject to and reduced by it, so that only the sum thus abated was in fact due from the testator to Pridmore, and that the amount of the alleged claim against him be treated as applied upon and in satisfaction of it *pro tanto*. This may be done

when there is such connection between the claims as to allow it. (*Schermerhorn* v. *Anderson*, 2 Barb., 584.)

But equity follows the law on the subject of set-off, unless special circumstances occur or peculiar equities exist to justify the interposition of courts of equity for protection of the rights of the parties. (2 Story Eq. Jur., §§ 1437, 1438; *Jordan* v. *N. S. and L. Bank*, 74 N. Y., 473; *Jennings* v. *Webster*, 8 Paige, 503; *Mills* v. *Lampkin*, 1 Ga., 511; S. C., 44 Am. Dec., 677; *Lindsay* v. *Jackson*, 2 Paige, 581; *Smith* v. *Felton*, 43 N. Y., 419; *Coffin* v. *McLean*, 80 id., 560.) No circumstances are alleged and none appear by the evidence for the application of the extra legal doctrine afforded by courts of equity in cases requiring it, nor do the facts appearing justify it. If Pridmore was in fact indebted to the defendant's testator the executor may proceed to collect the amount of the debt from him. Nothing appears in the way of such collection if liability can be established. For aught that appears Pridmore is solvent, and it does not appear that recovery is barred by the statute of limitations. The facts appearing by the evidence and found by the supplemental report do not necessarily lead to the conclusion of liability, and the equities of the defendants as against the plaintiffs do not require such inference. The assignor of the plaintiffs' testator was an accommodation depositary of the money handed to him, and his notes were before then held by the defendants' testator.

This is all that appears except that no money or notes were in his possession at the time of his death; and the relation of Pridmore to him during the latter part of his life. For the purposes of this case we see no occasion to disturb the conclusion of the referee in respect to the amount which the plaintiffs should recover, or the manner of distribution of the recovery directed against the defendants respectively. Although the judgment of Pridmore against the executor did not have the effect to charge the defendants, the reception of it in evidence was not error. (*Estes* v. *Wilcox*, 67 N. Y., 264; *Kent* v. *Kent*, 62 id., 560.) And none of the defendants' exceptions are well taken.

The judgment should be affirmed.

SMITH, P. J., BARKER and HAIGHT, JJ., concurred.

Judgment affirmed, with costs.