McAdam, C J
The intestate died September 9, 1883, so that neither the claim sued upon, nor the claims sought to be set-off were due at that time. The defendant’s claim matured first, and when the plaintiff acquired a present right of action on the note, it was subject to the right of set off or counter-claim already vested in the defendant. In this respect, the present contention is unlike Jordan v. National Shoe and Leather Bank (74 N. Y., 467), where the cause of action existed at the intestate’s death, and the set-off sought to be established matured afterwards, and the case of Patterson v. Patterson (59 N. Y., 574), where the cause of action matured after the testator’s death, and the set-off sought to be established existed before his death. In those cases, for the reasons stated, the set-off was not allowed In the present instance, both demands matured after the death of the intestate, and may be regarded for the purpose of set-off, as if they had both matured before his death, for by every analogy of reason ing the principle applicable is the same. Equity requires that cross claims be set-off against each other, and there are reasons in this case why that equitable rule should be enforced. The prior parties on the note in suit are insolvent, and the intestate’s estate is insolvent, so that if the defendant is compelled to pay he is remediless, and the rule is settled that even in a case not within the statute of set-off, if from the nature of the claim, or the situation of the parties, justice cannot otherwise be done, set-off will be allowed. Lindsay v. Jackson (2 Paige, 581); Smith v. Felton (43 N Y., 419); Coffin v. McLean (80 id., 564); Bathgate v. *508 Haskin (59 id., 537); Jordan v. Shoe and Leather Bank (74 id., 475). Littlefield v. Albany County Bank (97 id., 581), and by section 507 of the Code, a defendant even in a common law action may plead an equitable defense, and is entitled to such equitable relief as the nature of the defense requires. On either or both of the two grounds stated, the set-off or counter-claim pleaded herein should have been allowed. While this court has no jurisdiction of an action, against an executor or administrator as such, it has jurisdiction of actions brought by them, and may in such actions allow all proper set-offs or counter-claims. Justices of the peace possess this power under the Revised Statutes (art. 4, chap. II, title 4, part 3 of the R. S.), and this court has it to the same extent as if the action had been brought in the supreme court (Code, § 3,174). It follows that the-judgment appealed from must be reversed and a new trial ordered, with costs to the appellant, to abide the event. Hyatt, J., concurs.