(8 Misc. Rep. 150.)

JAEGER v. BOWERY BANK OF NEW YORK.

(Common Pleas of New York City and County, Special Term. April, 1894.)

1. COUNTERCLAIM—ACTION BY EXECUTOR.
    Under Code Civ. Proc. § 506, providing that a counterclaim may be set up against an executor "as if the action had been brought by the decedent in his lifetime," a note given by a decedent to defendant bank which matured after decedent's death cannot be set off in an action by the executor for a deposit made by decedent with defendant.

2. SAME—ALLOWANCE ON EQUITABLE GROUNDS.
    Such counterclaim cannot be allowed on equitable grounds, as it would be unfair to other creditors whose claims existed at the death of decedent and matured before such note.

Action by Caroline Jaeger, as executrix, against the Bowery Bank of New York to recover $1,620.48, alleged to have been left by testator in defendant bank. Defendant set up as a counter-

claim a note for $3,000, discounted by defendant for testator, and which became due after his death. Plaintiff demurs to the counter-claim. Sustained.

Abraham L. Jacobs, for plaintiff.

James R. Marvin, for defendant.

BOOKSTAVER, J. On a more careful consideration of this demurrer, I have arrived at the conclusion that it must be sustained. The question presented is twofold. Has the defendant a right to counterclaim under section 506 of the Code of Civil Procedure? or, if not, has he such a right on equitable grounds? The language of section 506 is that a counterclaim may be set up against an executor, "as if the action had been brought by the decedent in his lifetime." Had this action been brought by the decedent in his lifetime, this counterclaim would not have been available, because not yet in existence. Had the meaning of the statute been that the counterclaim could be set up as if the decedent were still living and brought the action, it would have been easy to say as much. In speaking of 2 Rev. St. 355, § 23, in Jordan v. Bank, 74 N. Y. 467, 474, 475, the court said:

"We think that the statute means that, for a demand to be set off against an executor or administrator in an action brought by him, it must have been due and payable from the decedent in his lifetime."

And further on:

"It is claimed that section 506 has made a change in the law. It is plain that it has in words. We are not called upon to say whether or not it has in substance."

That it has not is the view taken, and, I think, correctly, by Mr. Throop in his note on counterclaims in 3 Civ. Proc. R. 226, and by Mr .Rumsey, in his work on Practice (volume 1, p. 367). See, also, Ewart v. Bank, 70 Hun, 90, 23 N. Y. Supp. 1124; Wakeman v. Everett, 41 Hun, 278; Patterson v. Patterson, 59 N. Y. 574; Taylor v. Mayor, etc., 82 N. Y. 17.

Neither does this seem a proper case for the exercise of the equitable powers of the court in the defendant's favor. On the contrary, to allow this set-off would be unfair to other creditors whose claims existed at the death of the decedent or matured before the defendant's. Had the decedent lived, he might have drawn this deposit, and satisfied such prior creditors, or they might have reached it by judgment and execution. Against both of these chances the defendant now asks to profit, and to be allowed to come in and take all of a fund which other creditors, by reason of their earlier right, might have had to his exclusion but for the accident of the debtor's death. In Fera v. Wickham, 135 N. Y. 223, 227, 31 N. E. 1028, it was said:

"By an assignment in trust for the assignor's creditors, what natural equities previously existed became suspended by an intervention of the rights of other creditors."

By analogy, the death of an insolvent debtor has the same effect in a case like the present. Demurrer sustained.