COOLEY TRADING COMPANY, INC., Appellant, *v.* SAMUEL R. GOETZ, Respondent.

Fourth Department, May 13, 1936.

*E. C. Schlenker,* for the appellant.

*Frank G. Raichle,* for the respondent.

PER CURIAM. Under the pleadings and affidavits before us defendant's right of action upon his claim as asserted in his answer accrued as early as October 24, 1929. The claim as alleged was not connected with the subject of the action (Civ. Prac. Act, § 266, subd. 1)* but was another cause of action on contract (Id. subd. 2)* made subsequent to the making and delivery of the promissory note sued on by plaintiff. Instead of bringing an action upon his claim defendant waited until this suit was brought and then pleaded his claim in his answer without traversing the allegations of the complaint. This answer was not " interposed " until October 30, 1935. (Civ. Prac. Act, § 11, formerly Code Civ. Proc. § 415.) Therefore, inasmuch as defendant in his affidavits presents nothing warranting a conclusion that the six-year statute does not apply (*Pelcyger* v. *Goldbrown Building Corp.,* 236 App. Div. 817) the answer is too late so far as the new matter is concerned. (*Herbert* v. *Dey,* 15 Abb. N. C. 172, 175; *Wolpin* v. *Prudential Ins. Co. of America,* 223 App. Div. 339.) The new matter in the answer not being designated as a counterclaim, but as a defense, no reply by plaintiff was necessary. (*Equitable Life Assurance Society* v. *Cuyler,* 75 N. Y. 511; *American Guild of Richmond* v. *Damon,* 186 id. 360.)

---

* Civ. Prac. Act, § 266, repealed, and new § 266 added, by Laws of 1936, chap. 324, in effect Sept. 1, 1936.— [REP.

Reference to the Statute of Limitations in an affidavit used by plaintiff upon the motion for summary judgment was sufficient.

All concur. Present — SEARS, P. J., TAYLOR, EDGCOMB, CROSBY and LEWIS, JJ.

Order reversed on the law, with ten dollars costs and disbursements, and motion for summary judgment granted, with ten dollars costs.