MARTIN A. OTTO, Appellant, *v.* LINCOLN SAVINGS BANK OF BROOK-
LYN, Respondent.

Second Department, December 4, 1944.

*Edward A. Von Sothen* for appellant.

*Frederick Weisbrod* for respondent.

CLOSE, P. J. The plaintiff appeals from an order which denied his motion to strike out the defendant's answer and for summary judgment, and dismissed his complaint. The action is brought to recover the amount of a bank deposit. The complaint was dismissed upon the theory that the defendant had offset the amount of the plaintiff's deposit against debts allegedly due from the plaintiff to the bank and consequently it was not indebted to him.

In 1907 the plaintiff executed and delivered to the defendant two bonds and mortgages, each for the amount of $6,500. The mortgages were each a lien on separate parcels of property, one covering premises known as 238 Sumpter Street, and the other 242 Sumpter Street, in Brooklyn, N. Y. Both mortgages became due on December 1, 1910. The premises known as 238 Sumpter Street were sold by the plaintiff in 1907, and he has had no interest in the property since that time. The plaintiff still owns the property known as 242 Sumpter Street. The mortgage is still a lien on that property and there is no default of any kind as to that mortgage. In January, 1913, the plaintiff opened a bank account in the defendant bank with an initial deposit of $2,100. By interim deposits the account was increased and on February 7, 1944, the deposit amounted to the sum of $7,507.37. On that date the defendant notified the plaintiff by letter that it had charged his bank account with $6,607.60 representing the entire unpaid principal, interest and taxes concededly due on the mortgage on the property known as 238 Sumpter Street, and offered an assignment of the mortgage to the plaintiff, which was refused. The balance of the deposit amounting to $899.77, the defendant applied to the reduction of the principal on the mortgage on 242 Sumpter Street. Thereafter this action was brought.

The plaintiff sets up two causes of action, one for the amount of $6,607.60 applied to the mortgage debt on 238 Sumpter Street and one for the balance of $899.77. The defendant by its answer admits all the material allegations of the complaint, but as a defense to both causes of action it alleges that it has set off the amount due from the plaintiff to the defendant on the mortgages against the account of the plaintiff in its bank. The plaintiff in his reply pleaded the Statute of Limitations and equitable estoppel based upon several grounds.

The defense of setoff cannot be sustained as to either amount. As to the first cause of action to recover the amount set off against the mortgage debt allegedly due on the premises at 238 Sumpter Street, this mortgage became due December 1, 1910. Plaintiff had sold the property in November, 1907. The Statute of Limitations then in force ran against this bond on December 1, 1930. This is conceded by the defendant. The question then posed is whether, under such circumstances, the right of setoff survives. It is clearly established by ample authority that it does not.

Article 2 of the Civil Practice Act dealing with " LIMITATIONS OF TIME " contains, among other provisions, the following: "A cause of action other than for the recovery of real property, upon which an action cannot be maintained as prescribed in this article, cannot be effectually interposed as a defense or counterclaim." (Civ. Prac. Act, § 61.) It is immaterial whether a setoff is denominated as a defense or a counterclaim. The fact that the defendant seeks no affirmative relief adds no strength to its position.

At common law a defendant was not allowed to set up any cross claim against a plaintiff either by way of setoff or counterclaim. (3 Carmody on New York Pleading and Practice, p. 2091.) As the law developed, setoffs were allowed separately in equity (*Ex parte Stephens*, 11 Ves. Jr. 24) and then in all cases by statute. (*Jordan* v. *National Shoe and Leather Bank*, 74 N. Y. 467.) Technically at law a setoff is a money demand independent of and unconnected with the plaintiff's cause of action. (*Boston Mills* v. *Eull*, 6 Abb. Prac. [N. S.] 319.) Under the present practice the term " setoff " is included within the term " counterclaim." " The counterclaim created by our statutes embraces, at law exclusively, and is broader and more comprehensive than recoupment and setoff." (*Seibert* v. *Dunn*, 216 N. Y. 237, 241.) A setoff is not an action and under certain circumstances a defendant may have the right to use a debt as a setoff when he could not enforce his debt by action. (*Long Beach Trust Co.* v. *Warshaw*, 264 N. Y. 331.) But whether setoff is denominated a defense or a counterclaim, if it is based upon a claim against which the applicable Statute of Limitations has run, it cannot be interposed as a defense. (Civ. Prac. Act, § 61; *Cooley Trading Co., Inc.,* v. *Goetz*, 247 App. Div. 607, affd. 273 N. Y. 488; *President & Directors of Manhattan Co.* v. *Cocheo*, 256 App. Div. 560.) In *De Lavallette* v. *Wendt* (75 N. Y. 579) the defendant set up as a counterclaim an alleged note or evidence of debt. The plaintiff in her reply pleaded the Statute of Limitations

As the plaintiff's claim, if allowed, exceeded the amount of the note, the effect of the pleading was a setoff. The court said: " There could be no recovery by the defendant, or setoff in his favor, arising out of the instrument put in evidence by him, dated November 3, 1866, for if it is to be regarded as a note or due bill, payable on demand, the Statute of Limitations had completely barred it, at the time of the commencement of this action " (citing cases). It follows that the right of setoff was not available to this defendant as the Statute of Limitations had barred its claim on December 1, 1930.

There remains the claimed right of setoff against the second cause of action. The Statute of Limitations had not run against the mortgage there involved. Interest was paid by plaintiff to date and the statute was tolled. (*First Nat. Bank of Utica* v. *Ballou,* 49 N. Y. 155.) There being no default, no foreclosure action or action on the bond may be instituted. (Civ. Prac. Act, §§ 1077-a, 1077-b.) There is thus created the anomalous situation that, though the bond is due, it is not presently payable. However, the word " due " does not always import that the debt is payable. (*Buehler* v. *Pierce,* 175 N. Y. 264.) But in order to be available as a setoff, the debt must be both due and payable. (*Jordan* v. *National Shoe and Leather Bank,* 74 N. Y. 467, *supra; Gerseta Corporation* v. *Equitable Trust Co.,* 241 N. Y. 418.) In the latter case POUND, J., stated the rule to be that: " If the debt is due to the one who claims the setoff and it has not matured, he is not at liberty to offset it against the debt which he owes." Here the defendant's debt had not matured because the maturity date of the bond had been extended by the amendment to section 1077-b of the Civil Practice Act, enacted by Laws of 1934, chapter 357. Further, there was no legal proceeding it could institute to enforce its debt. Consequently, it could not plead its unmatured debt as an offset.

The holding in *Kress* v. *Central Trust Company, Rochester, N. Y.* (246 App. Div. 76, affd. 272 N. Y. 629) is not in conflict with the views expressed herein. There the mortgage was in default and was without the protection afforded by sections 1077-a and 1077-b of the Civil Practice Act. For the same reason the bank could have brought an action on the bond. (Civ. Prac. Act, § 1077-b.) Both the principal and the interest in that case were matured debts. There is also another reason why that case is not controlling. The amendment to section 1077-b of the Civil Practice Act extending the maturity date of past due bonds was not in effect on the date that the bank exercised its right of setoff in that case. The provision extend-

ing the maturity date of the principal of a bond then past due became effective May 7, 1934. (L. 1934, ch. 357.) In the *Kress* case the bank made its setoff on February 7, 1934. On that date the bond was a matured debt which the bank was entitled to use as an offset.

The order denying plaintiff's motion to strike out the defendant's answer and for summary judgment in favor of the plaintiff, and dismissing his complaint, should be reversed on the law, with ten dollars costs and disbursements, and the motion should be granted, with ten dollars costs.

CARSWELL, JOHNSTON, LEWIS and ALDRICH, JJ., concur.

Order denying plaintiff's motion to strike out the defendant's answer and for summary judgment, and dismissing his complaint, reversed on the law, with ten dollars costs and disbursements, and the motion granted, with ten dollars costs.