**In re Shannon CATALANO, Debtor.**

**No. 05–20222.**

United States Bankruptcy Court,
W.D. New York.

Oct. 13, 2006.

George A. Schell, Jr, Fairport, NY, for Debtor.

### DECISION & ORDER

JOHN C. NINFO, II, Chief Bankruptcy Judge.

### *BACKGROUND*

On January 19, 2005, Shannon Catalano (the "Debtor") filed a petition initiating a Chapter 7 case. On the Schedules and Statements required to be filed by Section 521 and Rule 1007, the Debtor indicated that she had approximately $800.00 on de-

posit in the ESL Federal Credit Union ("ESL") and was indebted to ESL in the amount of approximately $3,400.00 on an unsecured personal loan (the "ESL Loan").

On August 16, 2006, the Debtor's Trustee filed a turnover motion (the "Turnover Motion") which asserted that: (1) when she filed, the Debtor had $691.29 on deposit at ESL and was also indebted to ESL on the ESL Loan; and (2) ESL setoff the amount on deposit without obtaining relief from the automatic stay, so it should be required to turn over the amount setoff to the Trustee.

On August 30, 2006, ESL interposed an Answer to the Turnover Motion that: (1) acknowledged that it had setoff the $691.29 against the ESL Loan; and (2) explained that it had exercised its setoff right without bringing a motion for relief from the automatic stay because, in a prior oral decision, the Court had indicated that such a motion was not necessary when there was a clear right to a setoff and the amount to be setoff was small enough an amount that the attorneys' fees that would be incurred to bring the motion would result in no or a minimal recovery for the creditor.

At the return date of the Turnover Motion: (1) the Trustee also interposed a waiver argument because ESL had delayed for more than one year before exercising its setoff rights; and (2) the Court denied the Motion and indicated that it would issue a Decision & Order setting forth a policy covering these setoff situations.

### DISCUSSION

■ In New York, with some limited exceptions set forth in Section 9–g of the Banking Law, banking institutions have a long established right of setoff where a borrower is indebted to the institution and also has money on deposit with the institution. *See Jordan v. National Shoe & Leather Bank,* 74 N.Y. 467, 1878 WL 12681 (1878).

■ This right of setoff is preserved in bankruptcy by Section 553(a), which provides that, "Except as otherwise provided in this section and in sections 362 and 363 of this title, this title does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case[.]"

■ However, this preserved right of setoff is subject to the automatic stay. Section 362(a)(7) specifically covers "the setoff of any debt owing to the debtor that arose before the commencement of the case under this title against any claim against the debtor[.]"

As a result, when these sections are read together, Courts have required a banking institution with a right of setoff to obtain relief from the automatic stay, either by motion or stipulated order.

■ However, because attorneys' fees today have become so substantial[1] even for routine motions, only in the Rochester Division of the Western District of New York the policy shall be as follows:

If a banking institution has a clear right of setoff under New York law and the debtor has funds on deposit with it in the amount of $750.00 or less, and also owes the institution a debt in excess of

---

**1.** Courts through the use of default procedures, audio and teleconferencing and other innovative initiatives are constantly trying to minimize the costs of bankruptcy proceedings for all parties.

the funds on deposit, the institution may setoff the amount on deposit without obtaining formal relief from the automatic stay, provided that it gives the written notice[2] described herein, and the trustee or debtor does not demand a hearing because there is a genuine dispute as to the asserted right of setoff.

The banking institution shall give written notice to the trustee, debtor and debtor's attorney, if there is one, that: (1) asserts its right of setoff; (2) is accompanied by copies of the debtor's schedules or other documentation that demonstrates the right of setoff;[3] (3) sets forth a "contact person" at the institution, along with that individual's address, direct telephone number and a fax number; and (4) advises that unless the trustee or debtor has a genuine dispute as to the validity of the asserted right of setoff, it will be effected ten (10) days after the date of the mailing of the notice.

In the event that the trustee or debtor notifies the contact person of a genuine dispute as to the asserted right of setoff, the banking institution shall be required to bring a formal motion to terminate the automatic stay under Section 362(d).

It is this Court's expectation that neither the trustee nor the debtor will require the filing of a stay relief motion unless there is a genuine dispute as to the asserted right of setoff.

**IT IS SO ORDERED.**

---

**2.** This may be sent by the institution without the assistance of an attorney.

**3.** In this Debtor's case, the schedules themselves establish a clear right of setoff.