In the Matter of COUNTY OF SUFFOLK, Appellant, v ROBERT L. KING, as Chancellor of the State University of New York, et al., Respondents. [794 NYS2d 695]—

Carpinello, J. Appeal from a judgment of the Supreme Court (Stein, J.), entered August 2, 2004 in Albany County, which, in a proceeding pursuant to CPLR article 78, granted respondents' motion to dismiss the petition.

The case at bar implicates the statutory mechanisms for the financing of state community colleges. As a general rule, the home counties of nonresident students pay such institutions for a portion of the operating and capital costs attributable to their students (*see* Education Law § 6305 [2]; *see also City School Dist. of City of Corning v County of Chemung*, 43 NY2d 408, 410 [1977]). By these "charge-backs," the counties of nonresident students help to defray the cost of educating such students. In 1994, the Legislature enacted a new subdivision to Education Law § 6305 which provided for an exception to this general rule. With respect to nonresident students attending the Fashion Institute of Technology (hereinafter FIT), the state agreed to reimburse the home counties for the full amount of such charge-backs (*see* L 1994, ch 170, § 400).

Subsequent to 1994, the Legislature appropriated sufficient moneys to fund the FIT reimbursement program until 2001, when the program was effectively eliminated from the budget (*see* L 2001, ch 53). Petitioner filed the instant proceeding seeking to compel respondents to comply with their "legal obligations" under the statute to account for and remit such funds notwithstanding the lack of an appropriation. On this appeal from a judgment dismissing the petition for legal insufficiency, we affirm.

It is now clear that appropriation bills proposed by the Governor and passed by the Legislature can alter preexisting statutory law to the contrary (*see Pataki v New York State Assembly*, 4 NY3d 75, 98-99 [2004]). Significantly, this principle was enunciated by the Court of Appeals in the context of its consideration of the very same bill which eliminated appropriations for the program at issue here (*see id.*). Therefore, despite the seemingly unambiguous mandate that "the state shall reimburse each county" (Education Law § 6305 [10]) for FIT charge-backs, the Governor and the Legislature have abrogated this provision through the budget process. Thus, petitioner has no legal claim.

Crew III, J.P., Mugglin, Lahtinen and Kane, JJ., concur. Ordered that the judgment is affirmed, with costs.