[872 NE2d 858, 840 NYS2d 746]

In the Matter of COUNTY OF WESTCHESTER et al., Appellants, v BOARD OF TRUSTEES OF STATE UNIVERSITY OF NEW YORK, Respondent.

Argued June 5, 2007; decided June 28, 2007

## APPEARANCES OF COUNSEL

*Charlene M. Indelicato, County Attorney*, White Plains (*Mary Lynn Nicolas-Brewster* of counsel), for Westchester County, appellant.

*Cadwalader, Wickersham & Taft, LLP*, New York City (*Kathy H. Chin* of counsel), for New York State Association of Counties, appellant.

*Andrew M. Cuomo, Attorney General*, Albany (*Nancy A. Spiegel, Barbara D. Underwood, Daniel Smirlock* and *Peter H. Schiff* of counsel), for respondent.

*Ingerman Smith, LLP*, Hauppauge (*John H. Gross* and *Susan E. Fine* of counsel), for Board of Trustees of Nassau Community College, amicus curiae.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be modified, without costs, to declare that the regulations at issue are not inconsistent with Education Law § 6304 (6), and, as so modified, affirmed.

Petitioners, the County of Westchester—the local sponsor of Westchester Community College—and the New York State Association of Counties, in a combined CPLR article 78 proceeding/ declaratory judgment action, seek to annul certain amendments to regulations promulgated by respondent, the Board of Trustees of the State University of New York, pursuant to the state Education Law.

The amendments at issue, adopted in 2003, changed the regulations to provide that a local sponsor shall approve the "budget total," rather than the "total budget," of a community college (*see* 8 NYCRR 600.2 [a]; *see also* 8 NYCRR 602.3 [b]), and removed a requirement that transfers of appropriations within the college's operating budget be subject to approval of the sponsor (*see* 8 NYCRR 602.9). According to respondent, these changes were designed to conform with the 1988 amendments to Education Law § 6304 (6) that allowed greater fiscal independence for community colleges. The effect of the amendments to the regulations was to eliminate a local sponsor's

authority to veto line-item appropriations in a community college budget as proposed by the college's board of trustees, and to permit college boards of trustees to transfer appropriations among budget items without the local sponsor's approval.

Petitioners claim that the 2003 amendments to the regulations are inconsistent with the language of Education Law § 6304 (6), as amended in 1988.* This statute defines a local sponsor's obligations with respect to the college's finances and the share of the college's costs it must provide; it does not govern the college's budget approval process. Memoranda and letters of support for the 1988 amendments evince the Legislature's intent to grant community colleges greater flexibility and autonomy in the budget process by increasing their independence from the local sponsors (*see* Bill Jacket, L 1988, ch 614).

Despite the 1988 legislation and the 2003 amendments to the regulations, the local sponsor's oversight of the college budget process remains significant. The sponsor retains the right to increase or decrease the amount of its contribution, and enjoys substantial representation on the college's ten-member board of trustees, half of whom are appointed by the local sponsor, one of whom may remain a part of the county's legislative body while on the board (*see* Education Law § 6306 [1]). In addition, the local sponsor has the authority to require periodic audits and reports from the college as it deems appropriate (*see* Education Law § 6304 [6]). Most importantly, the elimination of a line-item veto does not alter the requirement of Education Law § 6306 (2) that college boards of trustees "submit [the college's] budget for approval by the local legislative body or board." Nor does the authorization for college trustees to make transfers of appropriations within the budget necessarily conflict with the requirement of Education Law § 6304 (6) that expenditures of funds by colleges be "subject to the terms and conditions of such appropriations [by the sponsor for maintenance of the college] appearing in such budget."

Thus, on their face, the 2003 amendments to the regulations, although reducing the local sponsor's role in the budget ap-

---

* Education Law § 6304 (6) provides as follows: "The local legislative body or board, or other appropriate governing agency, other than a community college regional board of trustees, shall provide the local sponsor's share of the community college operating and capital costs in conformance with such sponsor's annual budgetary appropriation, and shall direct that payment of all appropriations for maintenance of the college be made to the board of trustees of the college for expenditure by the board, subject to the terms and conditions of such appropriations appearing in such budget . . . ."

proval process, "are not inconsistent with the statutory language or its underlying purposes" (*Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib.*, 2 NY3d 249, 254 [2004]), and have "a rational basis [that] is not unreasonable, arbitrary, capricious or contrary to the statute under which it was promulgated" (*Kuppersmith v Dowling*, 93 NY2d 90, 96 [1999]).

Chief Judge KAYE and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur in memorandum.

Order modified, etc.