[912 NYS2d 702]

In the Matter of FULTON-MONTGOMERY COMMUNITY COLLEGE, Appellant, v COUNTY OF SARATOGA et al., Respondents, and DEPARTMENT OF EDUCATION OF THE STATE OF NEW YORK et al., Appellants. (Proceeding No. 1.) In the Matter of HUDSON VALLEY COMMUNITY COLLEGE, Appellant, v COUNTY OF SARATOGA, Respondent, and STATE UNIVERSITY OF NEW YORK, Appellant. (Proceeding No. 2.)

Third Department, December 2, 2010

## APPEARANCES OF COUNSEL

*Martin, Shudt, Wallace, DiLorenzo & Johnson*, Troy (*David T. Garvey* of counsel), for Fulton-Montgomery Community College, appellant.

*Andrew M. Cuomo, Attorney General*, Albany (*Robert M. Goldfarb* of counsel), for Department of Education of the State of New York and others, appellants.

*Featherstonhaugh, Wiley & Clyne, L.L.P.*, Albany (*Stephen J. Wiley* of counsel), for Hudson Valley Community College, appellant.

*Mark M. Rider, County Attorney,* Ballston Spa, for County of Saratoga and others, respondents.

## OPINION OF THE COURT

KAVANAGH, J.

Petitioners, Fulton-Montgomery Community College (hereinafter FMCC) and Hudson Valley Community College (hereinafter HVCC), are community colleges which, as part of their curriculum, "provide two-year programs of post high school nature . . . [and] [s]pecial courses and extension work . . . for part-time students" (Education Law § 6303 [1]). FMCC is located in the Town of Johnstown, Fulton County and is sponsored by the Counties of Fulton and Montgomery, and HVCC is located in the City of Troy, Rensselaer County and is sponsored by the County of Rensselaer (*see* Education Law § 6302). Like other

community colleges in this state, each receives a large part of its funding from three sources: local governmental sponsors, tuition from students and state aid (*see* Education Law § 6304). Since they are required to admit nonresident students (*see* Education Law § 6305 [1]), community colleges are permitted to charge the county in which these nonresident students reside a fee called a "charge-back" (*see* Education Law § 6305 [2]). These charge-backs are intended to insure that counties of nonresident students share in the cost incurred in operating a community college (*see* Education Law § 6305 [2]). Respondent State University Trustees is responsible for determining and approving the fees that are charged for these charge-backs (*see* Education Law § 6305 [2]).

Respondent County of Saratoga (hereinafter the County) does not sponsor a community college but, instead, has entered into service agreements with HVCC and FMCC to provide postsecondary educational programs for its residents. One such program is entitled the "College in the High School" program, and it allows high school students to take college-level courses at their high school for which they can earn college credit. Students pay tuition to the community colleges to participate in the program and are taught either by high school teachers who meet requirements established for the community college adjunct faculty and are mentored by the college faculty, or by college faculty whose lectures, when given on the community college campus, are simulcast into the students' high school classrooms. According to the community colleges, the classes offered through the College in the High School program, all of which have been approved by respondent State University of New York (hereinafter SUNY) and are eligible for state aid (*see* 8 NYCRR 602.12 [b]), are essentially the same as those offered on the community college campus. Each course follows the same outline, adheres to the same standard, uses the same material and employs the same exams as those used when the course is taught on the community college campus. Upon successful completion of a course in the program, high school students earn college credit, which is recorded on an official college transcript and may be applied towards obtaining an advanced degree.

FMCC and HVCC billed the County for charge-backs based on the participation of students from there during the 2008 and

2009 school year in the College in the High School program.* When the County refused to pay the charge-backs—noting a county policy not to cover any costs incurred as the result of the county students taking college courses in their own high school—petitioners commenced these two separate CPLR article 78 proceedings. In addition to answering the petitions, the County interposed a counterclaim seeking the return of charge-backs it had already paid to HVCC for students who participated in this program. Supreme Court issued four judgments in which it dismissed the petitions filed by both community colleges and granted the County's counterclaim against HVCC in the amount of $35,909. Petitioners and respondents Department of Education, SUNY and the State University Trustees now appeal.

Education Law § 6305 (2) states that a community college may collect from the county of a nonresident

> "an allocable portion of . . . the operating costs of such community college attributable to such non-resident students, computed on a per student basis, together with a further sum of not to exceed three hundred dollars each year to be determined and approved by the state university trustees for each such non-resident student."

Since these charge-backs are allowed for any "such non-resident students [who] are *attending* such community college" (Education Law § 6305 [2] [emphasis added]), the community colleges have interpreted this provision to apply to nonresidents who participated at their high schools in the College in the High School program and took courses for which they received college credit. Supreme Court rejected this interpretation and concluded that Education Law § 6305 (2) only permits charge-backs for nonresident students who are actually enrolled in college and are pursuing a college degree. It specifically found that charge-backs could not be applied to this program because the students were not attending a community college since they had not graduated from high school and "could not matriculate and . . . were not eligible for a two year post secondary degree." We do not agree and reverse.

"As a general rule, the home counties of nonresident students pay [community colleges] for a portion of the operating and

---

* For the fall of 2008, FMCC billed the County $21,897 for operating and capital costs incurred in the College in the High School program. For the same period of time, HVCC did not bill for capital costs, but sought reimbursement for operating costs totaling $17,739.

capital costs attributable to their students. By these 'charge-backs,' the counties of nonresident students help to defray the cost of educating such students" (*Matter of County of Suffolk v King*, 18 AD3d 1010, 1010 [2005] [citations omitted]). The College in the High School program is a college-level program sponsored by a community college and administered by its personnel. While some differences exist in how this program is administered by FMCC and HVCC, there is no difference between the credit received by a nonresident student taking a course in his or her high school under the College in the High School program and the nonresident student taking the course on the community college campus. For example, in FMCC's College in the High School program, also known as the Concurrent Enrollment Program, students must meet academic eligibility requirements set by FMCC and must enroll as FMCC students. The courses in the program are taught by high school teachers who, as part of their training, attend adjunct faculty workshops at FMCC and are monitored by FMCC faculty. The syllabus, course materials, the course content and all other facets of the program are controlled by FMCC, and students, upon successful completion, receive FMCC college credit as well as an official college transcript.

Similarly, in HVCC's program, students must apply for admission to the program and, to participate, must be enrolled as HVCC students. Some of the courses in the program are simulcast into the high school classroom while they are being taught on the community college campus by HVCC faculty, and others are taught by high school teachers who must satisfy HVCC's academic standards. The courses employ the same syllabus, text and exams as those that are taught on the HVCC campus. In addition, students in the program have the same rights and privileges that community college students enjoy in terms of access to campus resources such as the Learning Assistance Center, Computer Learning Center and the community college library. These students, while they are not physically present on a community college campus while taking the course, are receiving credit that can be later applied towards a college degree and, in our view, are attending a community college.

We also note that the statute does not, by its terms, limit the application of charge-backs to nonresident students who are taking courses on the campus of a community college. In fact, the State University Trustees has broad authority in regulating how community colleges raise the funds needed to support its

operations (*see* Education Law § 355 [1] [c]; § 6304 [1] [b] [iv]; *Matter of County of Westchester v Board of Trustees of State Univ. of N.Y.,* 32 AD3d 653, 653-654 [2006], *mod* 9 NY3d 833 [2007]) and, in that regard, has enacted a regulation that specifically provides that *"[a]ll instructional programs,* including off-site campus locations (*high schools,* malls, etc.) supported by State aid shall be entitled to charge[-]back payment by the *county of residence of nonresident students"* (8 NYCRR 602.12 [b] [emphasis added]). By providing that all community college instructional programs, including those taught in high schools that are supported by state aid, are subject to charge-backs, this regulation authorizes counties to be charged whose residents are part-time community college students attending the *"[s]pecial courses and extension work"* authorized by Education Law § 6303 (1) (*see* Education Law § 6305 [2]).

Finally, the County argues that charge-backs can only be charged for nonresident students who have been officially admitted to a community college and are in the process of pursuing a college degree. It claims that high school students are not eligible for admission to these community colleges because they have not as yet earned a high school diploma or equivalency degree. However, the statute does not limit charge-backs to nonresident students in community colleges who are taking courses while pursuing a degree—it only requires that this fee can be charged if the nonresident student is taking a course while "attending" a community college. We also note that students entered into the College in the High School program must satisfy certain "eligibility criteria and academic prerequisites" established by each community college prior to their being admitted into the program and then, upon admission, are listed by the community college in their official records as registered students, even if they do not have a high school degree.

MERCURE, J.P., MALONE JR., GARRY and EGAN JR., JJ., concur.

Ordered that the judgments are reversed, on the law, without costs, petitions granted, judgments issued to petitioners, and respondent County of Saratoga's counterclaim against petitioner Hudson Valley Community College dismissed.