In a hybrid proceeding, inter alia, pursuant to CPLR article 78 to review a determination of the County of Nassau dated April 21, 2011, to offset charge-backs for the cost of educating residents of the Town of North Hempstead in 2010 at community colleges outside of the County of Nassau from the Town of North Hempstead’s share of sales tax revenue collected for the fourth quarter of fiscal year 2010, and action for a judgment declaring, inter alia, that the County of Nassau may not charge back the Town of North Hempstead for the cost of educating its residents at Fashion Institute of Technology, the Town of North Hempstead appeals, as limited by its brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Parga, J.), entered August 15, 2011, as denied that branch of the petition which was to review so much of the determination as concluded that the County of Nassau could offset charge-backs for the cost of educating residents of the Town of North Hempstead in 2010 at community colleges outside of the County of Nassau from the Town of North Hempstead’s share of sales tax revenue collected for the fourth quarter of fiscal year 2010 and, in effect, denied that branch of its motion which was for summary judgment declaring that the County of Nassau may not charge back the Town of North Hempstead for any costs of educating residents at Fashion Institute of Technology, and the County of Nassau cross-appeals, as limited by its brief, from so much of the same order and judgment as, in effect, granted that branch of the motion of the Town of North Hempstead which was for summary judgment declaring that the County of Nassau can only charge back for the costs associated with Town of North Hempstead residents enrolled at the Fashion Institute of Technology in two-year education programs and those seeking two-year Associate degrees.
Ordered that the order and judgment is modified, on the law, (1) by deleting from the second decretal paragraph thereof the words “enrolled in two year education programs and those seeking two-year Associate degrees,” (2) by deleting from the third decretal paragraph thereof the words “That the undisputed *801 amount of $672,680.12, representing,” and (3) by deleting the fourth, fifth, and six decretal paragraphs thereof, and substituting therefor a provision declaring that the County of Nassau may not offset any charge-backs from the Town of North Hempstead’s share of the sales tax revenue collected for the fourth quarter of fiscal year 2010; as so modified, the order and judgment is affirmed insofar as appealed and cross-appealed from, without costs or disbursements.
Pursuant to Education Law § 6305 (5), the County of Nassau adopted Resolution No. 368-2003, and, since 2003, has, under the authority of that resolution, “charged back” its towns and cities for their proportion of the amount paid by the County to out-of-county community colleges for residents attending such institutions. The County, however, did not apply its charge-back authority to sums it paid to Fashion Institute of Technology (hereinafter FIT). In 2010, without adopting a resolution authorizing such action, the County informed the Town of North Hempstead that the charge-backs would include the sums paid by the County to FIT. After the Town did not satisfy its obligation to pay for the charge-backs associated with FIT, the County refused to remit to the Town its share of sales tax revenue collected for the fourth quarter of fiscal year 2010. Thereafter, the Town commenced the instant hybrid proceeding pursuant to CPLR article 78 and action for declaratory relief, challenging the County’s determinations.
The Town contends that the County may not charge back the expenses associated with FIT because, in 1994, the Legislature enacted a new subdivision to Education Law § 6305, which provided that the State would reimburse counties for such costs (see Education Law § 6305 [10]; L 1994, ch 170, § 400). However, since 2001, no appropriations for the State’s FIT reimbursement program have been included in the State budget (see L 2001, ch 53). Hence, the provision mandating the State to reimburse counties for FIT-related costs has been superseded by the appropriation bills (see Pataki v New York State Assembly, 4 NY3d 75, 98-99 [2004]; Matter of County of Suffolk v King, 18 AD3d 1010 [2005]). Contrary to the Town’s contention, the doctrine of legislative equivalency is not implicated, as both Education Law § 6305 (10) and the budgets were enacted by the same means (see Matter of Lamb v Town of Esopus, 35 AD3d 1004 [2006]; Matter of Heron v City of Binghamton, 307 AD2d 524 [2003]; compare Matter of New York Pub. Interest Research Group v Dinkins, 83 NY2d 377 [1994]; Matter of Gallagher v Regan, 42 NY2d 230, 234 [1977]).
Additionally, the statutory mechanism allowing the County to *802 demand such charge-backs does not limit the County’s ability to charge back only for the amounts paid to FIT for Town residents enrolled in two-year education programs and those seeking two-year Associate degrees (see Education Law § 6305 [5]). Although FIT is authorized to offer baccalaureate and Master’s degree programs, the institution is to be “financed and administered in the manner provided for community colleges” (Education Law § 6302 [3]). Thus, FIT remains a community college under Education Law article 126 (see Jackson v Board of Educ. of City of N.Y., 30 AD3d 57, 60 [2006]), and the County is entitled to a charge-back from the Town for the amounts paid by the County to FIT for town residents entrolled at FIT in four-year undergraduate programs and graduate programs. The only limitation upon the charge-backs is that nonresident students must be “attending” such community college (see Matter of Fulton-Montgomery Community Coll, v County of Saratoga, 80 AD3d 217, 220 [2010]).
However, we agree with the Town that the County must formally adopt a resolution authorizing the County Treasurer to collect the charge-backs in connection with FIT prior to imposing such costs upon the towns and cities within the County (see generally County Law § 550).
Moreover, the County did not have the right to set off the disputed charge-backs against the Town’s share of sales tax revenue collected for the fourth quarter of fiscal year 2010 that was due and payable to the Town (see Banco Popular N. Am. v Lieberman, 75 AD3d 460 [2010]; Matter of Northville Indus. Corp. v State of New York, 14 AD3d 817 [2005]). Rivera, J.P., Dillon, Leventhal and Chambers, JJ., concur.