=================================================================
This opinion is uncorrected and subject to revision before
publication in the New York Reports.
-----------------------------------------------------------------
No. 151
In the Matter of Town of North
Hempstead,
         Appellant-Respondent,
      v.
County of Nassau,
         Respondent-Appellant.

         Richard S. Finkel, for appellant-respondent.
         Robert F. Van der Waag, for respondent-appellant.
         Valerie Figueredo, for amicus curiae State University
of New York.
         County of Suffolk; City of Long Beach; Town of
Huntington; Town of Islip; Association of Towns of the State of
New York, amici curiae.

LIPPMAN, Chief Judge:

         This appeal concerns the allocation of costs to be

borne amongst various government entities for expenses

attributable to their residents attending community college.

More specifically, the primary issue presented is whether the

Education Law permits respondent Nassau County (County) to charge

- 1 -

back to petitioner Town of North Hempstead (Town) the amounts the County paid on behalf of Town residents attending the Fashion Institute of Technology (FIT).  We conclude that the County can collect the chargebacks.

Under the Education Law, community colleges are defined as colleges that are established and operated by a local sponsor[1] which "provid[e] two-year post secondary programs pursuant to regulations prescribed by the state university trustees and receiv[e] financial assistance from the state therefor" (Education Law § 6301 [2]).  Community colleges are further described as institutions that "provide two-year programs of a post high school nature" with curricula "designed to serve the needs of students who seek two years of post secondary education and whose needs would not ordinarily be met by the usual four-year college curriculum" (Education Law § 6303 [1], [3]).

According to the financing system established by the Education Law, funding for community colleges is derived from the State, the local sponsor and the individual students (see Education Law §§ 6304 [1][a], [1][c], [1][d]).  The local sponsor's portion of the financial burden depends upon where its students reside.  For "resident" students -- generally those who

---

[1] A local sponsor is defined as "[a]ny city, county, intermediate school district, school district approved by the state university trustees, or community college region approved by the state university trustees, sponsoring or participating in the establishment or operation of a community college" (Education Law § 6301 [3]).

reside within the particular geographic region served by the local sponsor -- the local sponsor is responsible for a portion of the community college's operating and capital costs (see Education Law §§ 6301 [5]; 6304 [1]).  For nonresident students -- those who live within New York State, but outside of the region where the community college is located -- the local sponsor is permitted to charge back a portion of those operating costs to the students' county of residence (see Education Law § 6305 [2]). The county, in turn, is authorized to "charge back such amounts in whole or in part to the cities and towns in the county" where such nonresident students reside (Education Law § 6305 [5]).

Although, like other community colleges, FIT was initially a two-year school, in 1975 the legislature authorized the local sponsor to expand the available degree programs (see Letter from Assembly Sponsor, Bill Jacket, L 1975, ch 356 [baccalaureate degree programs]; Governor's Approval Mem, Bill Jacket, L 1979, ch 204 [masters degree programs]).  "In addition to the community college programs and curricula authorized by this article, the institution may offer . . . baccalaureate, masters degree programs and curricula in support of its mission" (Education Law § 6302 [3]).[2]  The statute further provides that

---

[2] The statute does not reference FIT explicitly, but the legislative history makes clear that the provision was designed to apply solely to that school (see Letter from Assembly Sponsor, Bill Jacket, L 1975, ch 356; Governor's Approval Mem, Bill Jacket, L 1979, ch 204).

"[n]otwithstanding any other provision of law, the institution shall be financed and administered in the manner provided for community colleges" (Education Law § 6302 [3]).

The expansion in FIT degree programs resulted in a greater burden on the local governments for their share of its operating costs.  In 1994, the State took on the obligation of reimbursing the counties for charges they incurred on behalf of their nonresident students attending FIT (see L 1994, ch 170, § 400).  Specifically, the statute provides that:

> "the state shall reimburse each county which has issued a certificate of residence for any nonresident student in attendance at [FIT] during the [1993-94] academic year and every year thereafter in an amount equal to fifty percent of the actual amount paid by such county on behalf of such students and on or before [June 1, 1995] and every year thereafter, the state shall reimburse each county for the remaining fifty percent of the actual amount paid by each such county on behalf of such students"

(Education Law § 6305 [10]).  Although the legislature appropriated funds for the reimbursement until 2001, since that time such appropriations have not been made.

Beginning in 2003, the Nassau County Legislature authorized its county treasurer to charge back to the appropriate towns and cities the amounts paid by the County on behalf of its residents attending out-of-County community colleges.  Although the resolution authorizing the chargebacks refers to community colleges in general, the County did not at that time charge the local municipalities for FIT costs.  In 2010, however, the County

began instituting FIT chargebacks.

By April 2011, the Town owed the County $1,174,462.60 in FIT expenses for the 2010 fiscal year.  The County's budget director sent a letter to the Town, informing it that this amount, as well as $601,482.27 owed for payments made on behalf of Town residents attending other out-of-county community colleges, had been withheld from its share of sales tax revenue.

The Town then commenced this hybrid declaratory judgment/article 78 proceeding seeking a declaration that the County lacked authority to charge back FIT expenses to the Town.  In the alternative, the Town sought a declaration that the chargebacks be limited to costs associated with two-year FIT degree programs.  The Town also sought an order directing the County to pay the Town its share of the sales tax revenue and a declaration that the County was without authority to offset any chargebacks against the sales tax revenue due to the Town.

Supreme Court denied, in part, the Town's motion for summary judgment, finding that the County was entitled to collect chargebacks from the Town.  However, the court limited the availability of those chargebacks to the amounts the County had expended on behalf of the Town's FIT students who were enrolled in two-year programs and those who were seeking two-year Associate Degrees.  The court further determined that the County was entitled to offset the Town's resulting liability by retaining the amount owed from the Town's share of County sales

tax revenue.

The Appellate Division modified by applying the chargebacks to all FIT degree programs, rather than solely to two-year programs (102 AD3d 800 [2d Dept 2013]). However, the Court also found that the County was required to adopt a formal resolution in order to authorize its treasurer to collect the chargebacks and that the County was not entitled to offset the amounts owed by the Town against the sales tax revenue.

This Court granted the Town's motion for leave to appeal and the County's motion for leave to cross-appeal. We now modify to uphold the County's offsetting of the Town's liability for FIT chargebacks from sales tax revenue, without requiring the issuance of a new resolution and, as so modified, affirm.

The Town argues that the County is without authority to charge back FIT costs to the towns. The crux of the Town's argument is that when Education Law § 6305 (10) was enacted, the State became the sole source from which the counties could seek reimbursement for FIT student expenses. The Town maintains that this provision remains in full effect despite the State's failure to fund the measure and that the County, therefore, cannot revert to obtaining reimbursement from the towns under section 6305 (5).

It is true that the State's reimbursement obligation is phrased in mandatory terms (see Education Law § 6305 [10]). However, there is nothing in the statute that expressly repeals the County's ability to seek chargebacks from the towns. Nor is

there any indication that the legislature intended to impliedly repeal section 6305 (5).  "Generally, a statute is deemed impliedly repealed by another statute only if the two are in such conflict that it is impossible to give some effect to both.  If a reasonable field of operation can be found for each statute, that construction should be adopted" (Alweis v Evans, 69 NY2d 199, 204 [1987]).  Here, the statutes are not in irreconcilable conflict, but can be harmonized.  The community college funding scheme is clearly intended to provide the counties with reimbursement.  That goal can either be accomplished using funds from the State (if available) or, in the alternative, from the local municipalities.  The effect of the State's failure to fund its reimbursement obligation is not the imposition of an additional expense upon the counties -- especially where the statute continues to authorize chargebacks to the towns and cities for all community colleges.  In other words, the State's nonperformance does not change the rights and obligations as between the County and the Town.  Rather, the State's reimbursement obligation was superseded when the legislature failed, in the course of the budgeting process, to appropriate the required funding (see Pataki v New York State Assembly, 4 NY3d 75, 98-99 [2004]; Matter of Suffolk County v King, 18 AD3d 1010 [3d Dept 2005]).  The County was then free to look to the Town for reimbursement under Education Law § 6305 (5).

        The Town's alternative argument, that any reimbursement

it is obligated to provide should be limited to expenses associated with FIT's two-year programs, is without merit. As noted above, the same statute that expanded FIT's curriculum to include advanced degree programs explicitly states that the school "shall be financed and administered in the manner provided for community colleges" (Education Law § 6302 [3]). Therefore, the County is permitted to collect chargebacks from the Town for costs incurred on behalf of Town residents for all FIT degree programs, just as it could for any two-year community college program.

Finally, the County, in support of its cross appeal, asserts that it has the authority to offset the Town's debt by retaining the appropriate amount from the Town's share of sales tax revenue. The County, like any other creditor, is permitted to employ the common law right of set-off (see United States v Munsey Trust Co., 332 US 234, 239 [1947]; 1988 Ops St Comp No. 88-42). At this point, it is clear that the Education Law allows the County to seek chargebacks from the Town and the amount of the Town's debt has been reliably determined based on concrete FIT enrollment figures (cf. Dunn v Uvalde Asphalt Paving Co., 175 NY 214, 219 [1903]). As a result, the County may offset the amounts owed by the Town and a specific resolution for this purpose is not required.

Accordingly, the order of the Appellate Division should be modified, with costs to the County, to declare in favor of the

County in accordance with this opinion and, as so modified,

affirmed.

*   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *   *

Order modified, with costs to the County of Nassau, to declare in
favor of the County of Nassau in accordance with the opinion
herein and, as so modified, affirmed.  Opinion by Chief Judge
Lippman.  Judges Graffeo, Read, Smith, Pigott, Rivera and
Abdus-Salaam concur.


Decided October 16, 2014