OPINION OF THE COURT
Leonard D. Steinman, J.
During the years 2004 through 2009, the County of Nassau was entitled to recoup from its towns and cities money it paid to reimburse the Fashion Institute of Technology (FIT) for the expenses of Nassau resident FIT students. It did not do so. Now, approximately 12 years later, the County has attempted to collect $1,273,496.76 from the Town of North Hempstead— representing what the County asserts is owed to it by the Town for the years 2004-2005 — by withholding this sum from sales tax payments owed by the County to the Town. These salient facts are undisputed. The issue in this case is whether the County may lawfully engage in such self-help measures notwithstanding that a lawsuit by the County against the Town to collect the funds would be barred by the statute of limitations. Because the County’s claim upon which it relied to exercise a common-law right of setoff was stale as a matter of law and unrelated to the sales tax revenue owed, the County was not permitted to withhold the sales tax revenue from the Town.
Background
Education Law § 6305 (2) permits community colleges to charge and collect from each county within New York State— outside of the geographic region in which the college is located — the operating costs allocable to students attending the college from such counties. Community colleges are required to admit nonresident students; this section, in turn, ensures that the home counties of nonresident students share *792 in the cost of operating a community college. (See Matter of Fulton-Montgomery Community Coll. v County of Saratoga, 80 AD3d 217 [3d Dept 2010].) Pursuant to Education Law § 6305 (5), the counties may then, in whole or in part, charge back such amounts to the cities and towns in which the students reside within the counties.
FIT, a community college, has required Nassau County to reimburse its operating costs allocable to its Nassau students since at least 2003 (and, indeed, in prior years). The County did not, in turn, charge back these costs to its cities and towns until 2010, despite a 2003 Nassau County Legislature resolution authorizing it to do so.
In June 2010, the County sent a letter, which it described as a bill, to the Town of North Hempstead informing the Town that approximately one-half million dollars was owed to the County by the Town for community college chargebacks for the first quarter of that year. The County stated in the letter that it would need to meet with North Hempstead officials to “discuss the appropriate method of payment to the County for the prior year [s’ FIT charges],” which the County stated it had determined after a review of its records. The Town did not pay the “bill.”
By April 2011, the Town had been billed by the County $1,174,462.60 in FIT expenses for the 2010 fiscal year. The County then withheld this amount, together with other amounts owed by the Town for payments made by the County to other community colleges, from the Town’s share of sales tax revenue due from the County.
In response, the Town sued the County, claiming among other things that the County was required to look to the State for reimbursement of paid FIT student expenses. The Town based its argument on the enactment in 1994 of Education Law § 6305 (10), which provides that the State shall reimburse counties for such chargebacks. The State has failed, however, to appropriate funds for such reimbursement since 2001. The Town also argued that the County did not have the authority to offset the Town’s debt relating to the FIT chargebacks from the sales tax revenue owed to it by the County.
In March 2013, while the Town’s lawsuit was winding its way through the courts, the County sent a demand letter to the Town for “the amounts due from 2004 through the present for the number of students enrolled at FIT from your municipality during that time period.” The amounts were not specified in the demand.
*793 In October 2014, the Court of Appeals issued its decision concerning the Town’s lawsuit. (See Matter of Town of N. Hempstead v County of Nassau, 24 NY3d 67 [2014].) The Court ruled in favor of the County, holding that the New York State Legislature never abrogated a county’s right to pass community college chargebacks onto its towns and cities notwithstanding the passage of Education Law § 6305 (10). The Court also upheld the County’s right to offset sums owed by the Town from the Town’s share of sales tax revenue since “like any other creditor, [the County] is permitted to employ the common-law right of set-off.” (Id. at 77.)
In June 2015, the County sent a letter to the Town meant to “serve as the billing for [FIT chargebacks for] the outstanding 2004-2009 years.” The County included supporting documentation for the amounts claimed as due for the FIT chargebacks, which were:
2004-2005 $1,273,496.76 due January 2, 2016;
2006-2007 $1,603,344.10 due January 2, 2017;
2008-2009 $2,173,548 due January 2, 2018.
In September 2015, the Town wrote to the County asserting that the County lacked legal authority to collect these sums from the Town, stating, among other things, that the statute of limitations had long since expired.
When the Town failed to remit to the County the amount claimed due by January 2, 2016 for the 2004-2005 years, the County in March 2016 withheld this sum from the Town’s share of sales tax revenue and sought to require the Town to execute a claim voucher for the reduced sales tax amount before releasing such revenue. This lawsuit followed.
The Town’s Action
On March 15, 2016, the Town commenced this action and brought an order to show cause seeking a temporary restraining order and preliminary injunction enjoining the County from withholding any 2015 fourth quarter sales tax revenue due the Town as a setoff for FIT chargebacks allegedly owed to the County since 2004-2005. The County and the Town thereafter agreed that the County would release the sales tax revenue minus the claimed setoff, and the Town signed a voucher without prejudice to its claims in this action. The court declined to issue a temporary restraining order, and the parties agreed to treat the Town’s order to show cause and the County’s opposition as respective motions for summary judg *794 ment. It is in this procedural context that the court issues this decision.
The Town’s amended complaint alleges and the County concedes that $1,273,496.76 has been withheld by the County from the Town. The Town alleges that the County plans to withhold portions of the 2017 and 2018 sales tax revenues owed to the Town to offset FIT payments made by the County in 2006-2007 and 2008-2009, respectively. The amended complaint seeks a declaratory judgment that the County cannot use the remedy of a setoff for FIT payments made by it from 2004-2009 because such claims are time-barred, among other reasons.[1] The amended complaint further seeks a permanent injunction enjoining the County from offsetting 2004-2009 FIT payments from monies owed to the Town and an order directing the County to pay to the Town the $1,273,496.76 it has withheld.
Oral argument was held on April 27, 2016. At that time, the court notified the parties that, pursuant to CPLR 3017 (a), it would consider granting relief other than that requested by the Town, in particular, a money judgment. The County was afforded an opportunity to submit additional papers following this notification by the court and invited to address whether the Town would be entitled to a money judgment if the court were to treat the amended complaint, in part, as a claim for a money judgment.
Legal Analysis
It is undisputed that pursuant to the Court of Appeals’ decision in Town of N. Hempstead v County of Nassau the County may collect from the Town FIT payments it currently makes for the benefit of FIT Town residents. But can it do so for payments made 7-12 years ago? The County argues that it can because there is no limitation period applicable to its common-law right of setoff. (County mem of law at 9.) Since the Court of Appeals held in Town of N. Hempstead v County of Nassau that the County may offset the FIT chargebacks owed by the Town from sales tax revenues that ends the analysis. So says *795 the County. But this argument is too simplistic and contradicted by both decisional law and statute. Common-law recoupment has not been traditionally allowed as a self-help recovery plan (Matter of Leirer v Caputo, 81 NY2d 455, 460 [1993]), and this is particularly so where such recovery would be barred in a court of law.[2]
To determine whether the County’s set-off effort is barred by a statute of limitations this court must first determine the applicable limitations period and its accrual. CPLR 214 (2) provides that an action to recover upon a liability created or imposed by statute must be commenced within three years. The section is applicable to claims, irrespective of the form in which they are pleaded, concerning wrongs not recognized in the common or decisional law. (See State of New York v Cortelle Corp., 38 NY2d 83 [1975].) If the basis for the liability was recognized in law prior to and independent of the statute in question, then CPLR 214 (2) will not apply and the courts will look to the applicable limitations period for the wrong as previously recognized. (Id.)
The Town suggests that the six-year limitations period contained in CPLR 213 relating to actions seeking indemnification is applicable. In support, the Town cites to State of New York v Stewart’s Ice Cream Co. (64 NY2d 83 [1984]), in which the Court of Appeals applied the six-year period to a claim by the State seeking indemnification for sums expended for the cleanup and removal of discharged petroleum from the defendant’s oil tanks. The Court applied the six-year period because the State had a common-law right of indemnity against the defendant for damage to the land caused by the oil spill irrespective of the statutory scheme under which the State brought its action. (Id. at 88.)
Here, the obligation of the Town to reimburse the County for chargebacks is solely a creature of statute, with no counterpart or precedent in the common law. The obligation of the County to FIT in the first instance is also a liability created by statute. The Town has no obligation — either express or implied — to reimburse the County unless and until the County at its discretion requires that it do so pursuant to the Education Law. Therefore, it cannot accurately be said that the Town must indemnify the County for an obligation that the Town should *796 rightly bear. Absent Education Law § 6305 (5), the chargebacks are not a responsibility of the Town. The three-year period contained in CPLR 214 to recover upon liabilities created by statute, therefore, is the more appropriate period.
The County concedes in its memorandum of law (at 10) that it “is likely true that if the County was to bring an action [for the 2004-2009 chargebacks], as opposed to the exercise of its common law right [of setoff], the statute of limitations may be a defense . . . .” This court can go further: such an action clearly would be time-barred by the three-year limitations period contained in CPLR 214. Although it is unclear from the record precisely when the County paid its allocable expenses to FIT for which it seeks reimbursement from the Town, the County has not denied that it made those payments more than six years ago. In all events, the County received FIT’s vouchers for amounts owed for the applicable years and was aware of the amounts owed by the Town no later than June 22, 2010 {see exhibit F to Apr. 8, 2016 affirmation of Alpa Sanghvi) and, therefore, had the legal right to demand payment of the charge-backs from the Town more than three years ago. (Cf. Hahn Automotive Warehouse, Inc. v American Zurich Ins. Co., 18 NY3d 765 [2012].)
Thus, the County’s claim to the FIT chargebacks at issue is stale. And it does not matter that the County has not sued the Town for the FIT chargebacks, notwithstanding the County’s suggestion to the contrary. The Town has effectively sued the County for the sales tax revenue owed to it. The County may not assert as a defense or counterclaim to the Town’s lawsuit a setoff for its stale chargeback claim. CPLR 203 (d) bars such a defense or counterclaim unless the defense or counterclaim “arose from the transactions, occurrences, or series of transactions or occurrences, upon which a claim asserted in the complaint depends.”[3] The chargebacks sought by the County are unrelated to the sales tax revenue owed by the County to the Town, and the County does not persuasively or strenuously *797 argue otherwise. That the parties may have an “ongoing debtor/ creditor relationship,” as characterized by the County, does not inform as to whether the claims arose out of the same transaction. They clearly did not.
There is no legal support for the proposition that a common-law right of setoff (as opposed to a claim for equitable recoupment as codified in CPLR 203 [d]) is not subject to a statute of limitations. Once such a right is asserted in an action as a defense, counterclaim or by any other nomenclature, its legal sufficiency — including its timeliness — is put to the test. (See e.g. Van Ness v Kenyon, 208 NY 228 [1913] [statute of limitations does not serve only to bar affirmative proceedings but is also applicable to claimed offsets]; Cooperstown Cattle Co., Inc. v Smith, 275 App Div 240, 242 [3d Dept 1949] [a “set-off or counterclaim cannot be asserted if a statute, such as (a) Statute of Limitations, has run against it”].) Here, the County’s assertion of a setoff does not pass that test.
The Second Department decision in Otto v Lincoln Sav. Bank of Brooklyn (268 App Div 400 [2d Dept 1944]) is on point. In Otto, a bank attempted to exercise its common-law right of setoff against one of its depositors to recover amounts conced-edly unpaid on a mortgage. The statute of limitations to sue upon the mortgage had expired 14 years earlier. The bank nevertheless deducted from the depositor’s bank account the sums due. The depositor sued the bank to recover the amount deducted. As stated by the Court: “The question then posed is whether, under such circumstances, the right of setoff survives. It is clearly established by ample authority that it does not.” (Id. at 402.)
The cases cited by the County do not support its position that its claimed setoff is impervious to challenge on timeliness grounds. For example, in Matter of Soto (Catherwood) (35 AD2d 395 [3d Dept 1970]), the Court upheld the State’s common-law right to recover benefits improperly paid out to a claimant receiving unemployment benefits by offsetting payments to which she was otherwise entitled 14 years later. In its decision the Court did not hold or suggest that the State’s set-off right was timeless. Instead, it held that the State properly acted within the 20-year limitations period that governed the judgment it had obtained for the overpayment and rejected the claimant’s argument that a shorter period was applicable.
Finally, the Court of Appeals’ determination in Town of N. Hempstead v County of Nassau that the County could offset *798 money owed to the Town by amounts due and owing for FIT chargebacks did not answer the question posed by this case. Undoubtedly, as held by the Court, the County can offset amounts owed to the Town by FIT chargebacks that are not stale, and the Town no longer disputes this. The County does indeed have a common-law right of setoff; but that right cannot be exercised to recover upon claims that are time-barred under the law.
The Appropriate Relief
The County’s position that it may rely upon a common-law right of setoff to withhold funds owed to the Town even though the claimed setoff could not form the basis of an independent action, counterclaim or defense is without legal support. The Town, therefore, is entitled to a monetary judgment in the sum of $1,273,496.76 representing the amount of sales tax proceeds the County has withheld from it based on the claimed setoff. Furthermore, because the County has admitted that it may withhold future sales tax revenue from the Town as a claimed setoff for the chargebacks claimed to be owed for the 2006-2009 period (see verified answer ¶ 24), the Town is entitled to a declaratory judgment that the County may not offset against any sums due and owing to the Town the FIT chargebacks claimed to be owed for the period 2004-2009. The County’s brazen assertion that it may offset chargeback sums for this period from any judgment rendered by this court in favor of the Town further underscores the need for declaratory relief in favor of the Town.[4] Because there is no basis to conclude that the County will not abide by the declaratory judgment of this court, there is no need or basis at this time to permanently enjoin the County from future setoffs based upon FIT chargebacks claimed to be owed for the period 2004-2009.

. Because this court agrees that the County may not set off the 2004-2009 FIT payments from sales tax revenue owed to the Town because the statute of limitations would bar the County from recovering such amounts by way of an action, counterclaim or defense, the court shall not address the Town’s further argument that the setoff would be barred by the doctrine of laches.

. The Town also contests that the amount offset by the County was properly calculated.

. CPLR 203 (former [c]), now section 203 (d) (as renumbered by L 1992, ch 216, § 1), is derived from section 61 of the Civil Practice Act, which expressly provided that a cause of action that could not be brought because of a lapse of time could not be interposed as a defense or counterclaim. CPLR 203 (d) implicitly maintained this bar of a lapsed claim or defense, but amended section 61 to allow such a defense if it was not time-barred when the action was commenced or if it arose from the transaction or occurrence upon which the plaintiff’s right to relief depends. {See 1985 Second Preliminary Rep of Advisory Comm on Prac and Pro at 50.)

. The court assumes that the County’s argument in this regard is based on the assumption that the County’s rights concerning the chargebacks would not be the subject of a declaratory judgment and that it was not intended as a declaration by the County that it would disregard this ruling.