■ TOWN OF NORTH HEMPSTEAD, Respondent, v COUNTY OF NASSAU et al., Appellants. [54 NYS3d 19]—

In an action, inter alia, for declaratory and injunctive relief, the defendants appeal (1), as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Steinman, J.), entered May 31, 2016, as, in effect, granted those branches of the plaintiff's motion which were for a judgment declaring that the defendants could not offset, against any sums due and owing to the plaintiff, the charge-backs for the Fashion Institute of Technology tuition payments the plaintiff allegedly owed for the years 2004 to 2009, and for the entry of a money judgment in the sum of $1,273,496.76, representing the amount of sales tax proceeds withheld by the defendants from the plaintiff based on the claimed setoff, (2) from a decision of the same court entered July 28, 2016, and (3) from a money judgment of the same court, also entered July 28, 2016, which, upon the order and the decision, is in favor of the plaintiff and against them in the total sum of $1,308,352.19.

Ordered that the appeal from so much of the order as directed the entry of a money judgment in the sum of $1,273,496.76, representing the amount of sales tax proceeds withheld by the defendants from the plaintiff based on the claimed setoff, is dismissed; and it is further,

Ordered that the appeal from the decision is dismissed, as no appeal lies from a decision (*see Schicchi v J.A. Green Constr. Corp.*, 100 AD2d 509 [1984]); and it is further,

Ordered that the order is affirmed insofar as reviewed; and it is further,

Ordered that the money judgment is affirmed; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The appeal from so much of the order as directed the entry of a money judgment in the sum of $1,273,496.76, representing the amount of sales tax proceeds withheld by the defendants from the plaintiff based on the claimed setoff, must be dismissed, as that portion of the order was superseded by the money judgment.

Pursuant to Education Law § 6305 (5), for the years 2004-2009, the defendant County of Nassau was entitled to collect from its towns and cities the money it paid to reimburse the Fashion Institute of Technology (hereinafter FIT) for the cost of educating Nassau County residents attending FIT. However, the County chose not to charge back such expenses to its towns and cities until 2010 (*see generally Matter of Town of N. Hempstead v County of Nassau*, 24 NY3d 67 [2014]). In 2015, the County attempted to collect the sum of $1,273,496.76 from the plaintiff, the Town of North Hempstead, which the County asserts was the Town's share of the FIT tuition payments for the years 2004-2005, by withholding such amount from the 2015 fourth quarter sales tax payment owed by the County to the Town.

The Town commenced this action against the County, its Comptroller, and its Treasurer (hereinafter collectively the defendants), and moved to preliminarily enjoin the defendants from withholding a portion of the Town's 2015 fourth quarter sales tax revenue as a setoff for tuition payments made to FIT in 2004-2005, contending that the defendants' claims were time-barred. The Town then served an amended complaint seeking, inter alia, to have the County directed to pay it the outstanding balance of the 2015 fourth quarter sales tax revenue in the sum of $1,273,496.76. Thereafter, the parties agreed that the Supreme Court would treat the Town's motion and the defendants' opposition as respective motions for summary judgment. At oral argument, the court notified the parties that pursuant to CPLR 3017 (a), it would consider granting relief in the form of a money judgment. In an order entered May 31, 2016, the court determined that the County's common-law right of setoff to withhold funds owed to the Town was barred by the

three-year statute of limitations set forth in CPLR 214 (2). As such, the court held that the Town was entitled to a money judgment in the sum of $1,273,496.76, and a judgment declaring that the County could not offset against any sums due and owing to the Town the FIT charge-backs claimed to be owed for 2004-2009. In a decision entered July 28, 2016, the court found that the Town was entitled to prejudgment interest from April 8, 2016. Judgment was entered in favor of the Town on July 28, 2016. The defendants appeal, contending that the court erred in holding that their right of setoff was barred by the statute of limitations.

Contrary to the defendants' contention, the Supreme Court properly determined that their common-law right of setoff cannot be exercised to recover upon claims that are time-barred (*see Van Ness v Kenyon*, 208 NY 228, 235 [1913]; *Otto v Lincoln Sav. Bank of Brooklyn*, 268 App Div 400, 402 [1944], *affd* 294 NY 798 [1945]). Pursuant to CPLR 214 (2), an action to recover upon a liability created or imposed by statute must be commenced within three years from the time the cause of action accrued. As the court correctly determined, the County's obligation to pay FIT tuition, and its right to seek reimbursement from the Town, were created by statute, i.e., Education Law § 6305 (2) and (5). Since the County's right to seek reimbursement from the Town was created by statute, and did not exist at common law, such an action would be governed by the three-year statute of limitations set forth in CPLR 214 (2).

Pursuant to CPLR 203 (d), a time-barred claim may be used to set off another claim only to the extent that the two claims arise from the same incident or transaction (*see Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d 788, 789 [1976]; *Killian v Captain Spicer's Gallery, LLC*, 140 AD3d 1764, 1765 [2016]). Here, however, the chargebacks sought by the County are unrelated to the sales tax revenue owed by the County to the Town, and therefore, the County is barred from asserting a right of setoff as a defense (*see Matter of SCM Corp. [Fisher Park Lane Co.]*, 40 NY2d at 791-792), since its claims are time-barred under CPLR 214 (2). Mastro, J.P., Chambers, Roman and Connolly, JJ., concur.