Town of Hempstead v County of Nassau (2020 NY Slip Op 07942)





Town of Hempstead v County of Nassau


2020 NY Slip Op 07942


Decided on December 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
JOHN M. LEVENTHAL
HECTOR D. LASALLE
VALERIE BRATHWAITE NELSON, JJ.


2018-10461
 (Index Nos. 602286/15, 10870/15)

[*1]Town of Hempstead, appellant, 
v
County of Nassau, et al., respondents. (Action No. 1.)
Town of North Hempstead, appellant,
v
County of Nassau, et al., respondents. (Action No. 2.)


Jaspan Schlesinger LLP, Garden City, NY (Lisa A. Cairo and Christopher E. Vatter of counsel), for appellant in Action No. 1.
Leonard G. Kapsalis, Town Attorney, Manhasset, NY (Amanda Abata of counsel), for appellant in Action No. 2.
Jared A. Kasschau, County Attorney, Mineola, NY (Adam M. Moss and Robert F. Van der Waag of counsel), for respondents.



DECISION & ORDER
In two related actions for an accounting and to recover a money judgment pursuant to a theory of unjust enrichment, which were joined for the purposes of discovery and trial, the plaintiff in Action No. 1 and the plaintiff in Action No. 2 separately appeal from an order of the Supreme Court, Nassau County (Randy Sue Marber, J.), dated July 9, 2018. The order, insofar as appealed from by the plaintiff in Action No. 1, denied its motion for summary judgment on the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint in Action No. 1. The order, insofar as appealed from by the plaintiff in Action No. 2, denied its motion for summary judgment on the complaint and granted the defendants' cross motion for summary judgment dismissing the complaint in Action No. 2.
ORDERED that the order is reversed, on the law, with one bill of costs to the plaintiff in Action No. 1 payable by the defendants and one bill of costs to the plaintiff in Action No. 2 payable by the defendants, the motion of the plaintiff in Action No. 1 for summary judgment on the complaint is granted and the cross motion of the defendants for summary judgment dismissing the complaint in Action No. 1 is denied, the motion of the plaintiff in Action No. 2 for summary judgment on the complaint is granted and the cross motion of the defendants for summary judgment dismissing the complaint in Action No. 2 is denied, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.
Since 2010, the defendant County of Nassau has withheld sales tax revenue from the Town of Hempstead and the Town of North Hempstead (hereinafter together the Towns) in order to offset amounts the County claims are due for reimbursement of community college expenses [*2]expended by the County for residents of the Towns attending the Fashion Institute of Technology (hereinafter FIT), which is outside Nassau County and designated as a community college (see Matter of Town of N. Hempstead v County of Nassau, 24 NY3d 67). Community colleges in New York State are funded primarily from three sources: the State, the students, and the "local sponsor," e.g., the city or county in which the community college sits (see Education Law §§ 6301[3]; 6304). Community colleges are obligated to admit nonresident students, that is, students who reside outside the county in which the college sits (see Education Law § 6305[1]). Consequently, a community college may, with the approval of the state university trustees, charge a nonresident student an allocable portion of the local sponsor's share of the operating costs, in addition to regular tuition and fees (see Education Law § 6305[2]). Alternatively, the community college may elect to charge and collect the allocable portion of the operating costs relative to the nonresident student from the student's county of residence where the county has issued a certificate of residence for the student and the student has filed the certificate with the community college (see Education Law § 6305[2], [3]; Matter of Town of N. Hempstead v County of Nassau, 24 NY3d at 73). The county, in turn, may charge back such amounts to the cities and towns in the county in which the nonresident student resides (see Education Law § 6305[5]; Matter of Town of N. Hempstead v County of Nassau, 24 NY3d at 76).
In April 2015, the Town of Hempstead (hereinafter Hempstead) commenced Action No. 1 against the County and George Maragos, Comptroller of County of Nassau (hereinafter together the defendants), seeking an accounting of the alleged charge back amounts from 2010 to present and to recover a money judgment pursuant to a theory of unjust enrichment based on allegations, inter alia, that the County was seeking reimbursement for students who had not properly submitted valid certificates of residence as required under the relevant statutory and regulatory framework. In December 2015, the Town of North Hempstead (hereinafter North Hempstead) commenced Action No. 2, seeking similar relief with respect to it. The two actions were later joined for the purposes of discovery and trial.
After joinder of issue and discovery in Action No. 2, North Hempstead moved for summary judgment on the complaint, seeking a money judgment for improperly withheld sales tax revenue from 2010 through 2014. North Hempstead contended that during the relevant period of time, the County had reimbursed FIT for costs for students whose certificates of residence were not submitted within the statutory and regulatory time frame, and that the County could not charge back those amounts to it. North Hempstead asserted that pursuant to Education Law § 6305(3), in order to be valid, a certificate of residence must be issued not more than two months before the start of the school term, and that pursuant to administrative regulation 8 NYCRR 602.12(c), the student must submit the certificate of residence to the community college within 30 days of the commencement of the student's initial enrollment. North Hempstead argued that these time lines ensured that a municipality would provide financial assistance to only those students living within its geographical borders at the start of the school term, and that the County could not demand reimbursement from North Hempstead for any student whose certificate of residence was not submitted in accordance with those time lines. North Hempstead contended that its review of the County's records disclosed that approximately $1,170,879.90 of the amount that the County had claimed as charge back was invalid because the relevant certificates of residence did not comply with the above time lines.
After joinder of issue and discovery in Action No. 1, Hempstead similarly moved for summary judgment on the complaint, seeking a money judgment for improperly withheld sales tax revenue from 2010 through 2014. Hempstead also contended that the County could not charge back the costs for students who did not submit a certificate of residence in accordance with the time frame set forth in the relevant law. Hempstead, however, took the position that Education Law § 6305(3) required the student to submit the certificate of residency at the time of registration, and that to the extent administrative regulation 8 NYCRR 602.12(c) purported to extend the period, it was inconsistent with the statute and unenforceable. Hempstead contended that its review of the County's records disclosed that it had improperly withheld $1,835,247, for students whose certificates of residence were not submitted at the time of registration, or, in the alternative, $783,897, if the court were to conclude that 8 NYCRR 602.12(c) was enforceable.
The defendants opposed both plaintiffs' motions and cross-moved for summary judgment dismissing each complaint. As relevant, the defendants explained that the County has a longstanding policy that allows nonresident students to obtain and file a certificate of residence for charge back purposes through the last day of any given term. Therefore, according to the defendants, the subject payments made by the County from 2010 through 2014 were proper, and, as such, the County properly withheld sales tax revenue from the Towns to offset those payments. The County also argued that the Towns misread the data and spreadsheets provided by the County, disputing the number arrived at by each Town.
In an order dated July 9, 2018, the Supreme Court denied the Towns' separate motions for summary judgment on the complaint and granted the County's cross motions for summary judgment dismissing the respective complaints. The Towns separately appeal.
Education Law article 126 sets forth the rules and procedures for the establishment and operation of community colleges. As noted, community colleges are obligated to admit a nonresident student, but may seek reimbursement for the operational costs associated with such student from the county which has issued a certificate of residence for the student (see Education Law § 6305[1], [2]). Education Law § 6305(3) requires counties to issue certificates of residence upon a resident's application. It further provides that the student "shall, upon his [or her] registration for each college year, file with the college such a certificate of residence form issued not earlier than two months prior thereto, and such certificate of residence form shall be valid for a period of one year from the date of issuance" (Education Law § 6305[3]). The related section of the Education Department regulations provides that each nonresident student shall submit to his or her community college a valid certificate of residence "[w]ithin 30 days after the commencement of [the] student's initial enrollment" (8 NYCRR 602.12[c]).
When a community college elects to charge to and collect the operating costs allocable to nonresident students from the county issuing the certificate of residence, the Education Law requires the community college to send a list of such students and a voucher for the amount payable by the county for those students within 45 days after the commencement of each college term or program (see Education Law § 6305[4]). The county is then obligated to pay the amount due within 60 days of its receipt of the billing (see Education Law § 6305[4]).
Initially, we reject Hempstead's contention that 8 NYCRR 602.12(c) is inconsistent with the Education Law inasmuch as it allows a student to submit a certificate of registration within 30 days after the commencement of registration. The Legislature has empowered the state university trustees (hereinafter the Trustees) to promulgate regulations for the administration and operation of community colleges (see Education Law §§ 355[1][c]; 6304[1][b][iv]). Thus, the Trustees are authorized to "fill in the interstices in the legislative product by prescribing rules and regulations consistent with the enabling legislation" (Matter of Nicholas v Kahn, 47 NY2d 24, 31) so long as the rules and regulation are not inconsistent with the statutory language or its underlying purposes (see Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 2 NY3d 249, 254).
Contrary to Hempstead's contention, the plain language of Education Law § 6305(3) does not require a student to file a certificate of residence at the very moment that he or she registers for classes. The statute requires a nonresident student to file a certificate of residence form, issued not earlier than two months prior thereto, with the community college "upon his [or her] registration for each college year." The term "upon" simply means "on," including "thereafter" or "thereupon" (see Merriam-Webster Online Dictionary, upon [https://www.merriam-webster.com/ dictionary/upon]). Its usage is imprecise in the context of Education Law § 6305(3), and the Trustees were acting well within their regulatory authority in adopting 8 NYCRR 602.12(c) to more precisely define the period of time in which a student must submit a valid certificate of residence to the college. The regulation is in harmony with both the language and purpose of Education Law § 6305, including the time line of the billing from the community college and the payment thereof by the county (see Matter of General Elec. Capital Corp. v New York State Div. of Tax Appeals, Tax Appeals Trib., 2 NY3d at 254; Finger Lakes Racing Assn. v New York State Racing & Wagering Bd., [*3]45 NY2d 471, 480-481).
However, we agree with the Towns that the County improperly withheld sales tax revenue from them to offset for charge backs representing payments that the County made to FIT on
behalf of the Towns' residents for whom the County issued and/or who filed a certificate of residence more than 30 days after the commencement of the subject semester in violation of Education Law § 6305(3) and 8 NYCRR 602.12(c).
Undisputedly, it is the County's policy to allow students to apply for a certificate of residence through the last day of any given term for charge back purposes. Thus, the County's policy conflicts with Education Law § 6305(3) and 8 NYCRR 602.12(c) since nonresident students who apply for their certificate of residence more than 30 days after the commencement of a term cannot timely file it with their community college within 30 days of the commencement of the term for charge back purposes in accordance with those statutory and regulatory provisions. Under the circumstances, it does not matter whether, as the County claims, its policy serves the legislative intent of Education Law § 6305 that counties and local municipalities share in the cost of educating their residents who attend a community college outside of their home county (see generally Matter of County of Suffolk v King, 18 AD3d 1010, 1010), as there is simply no basis to construe Education Law § 6305(3) and 8 NYCRR 602.12(c) as allowing for the filing of certificates of residence more than 30 days after the commencement of a term (see generally Majewski v Broadalbin-Perth Cent. School Dist., 91 NY2d 577, 583; Matter of Raritan Dev. Corp. v Silva, 91 NY2d 98, 106-107).
To the extent that the County may elect, in its discretion, to reimburse FIT for students whose certificates of residence do not comply with the time lines for the filing thereof as provided for in Education Law § 6305(3) and 8 NYCRR 602.12(c), the County cannot demand reimbursement from the Towns for such amounts that it was not legally obligated to pay. The Towns herein were not involved in the County's discretionary determination.
Accordingly, we reverse the order, deny the defendants' cross motions for summary judgment dismissing the respective complaints, grant the Towns' separate motions for summary judgment on the complaint, and remit the matter to the Supreme Court, Nassau County, to calculate the amount due to Hempstead and North Hempstead in accordance herewith (see generally Hindes v Weisz, 303 AD2d 459, 461).
RIVERA, J.P., LEVENTHAL, LASALLE and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court